### John A. Slater et al., Impleaded with George B. Goodall, v. George M. Clark & Co.

1. PARTNERSHIP—*Joint Adventures.*—Where a transaction is a mere device to obtain the benefits of a partnership, whatever the parties may call it, it will be construed to be a partnership, and the parties to it will be held liable upon its obligations.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 21, 1897.

WHITEHEAD & STOKER, attorneys for appellants.

MATZ & FISHER, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

It will not be necessary to review the numerous objections made by the appellants in relation to the admission and rejection of testimony.

No doubt there were some irregularities in those matters,

but on the whole case, the real transaction is involved in no mystery, and the facts are clear.

The appellants were a majority of the board of directors of the Northwestern Building and Loan Association, and formed some sort of association with each other, and in pursuance of the purposes of such association, executed a contract as follows:

"This agreement, made and entered into this first day of June, A. D. 1889, by and between George B. Goodall, party of the first part, and John H. Slater, Jacob A. Cost, Hannibal B. Briggs, Otis L. Beardsley, George D. Barrett, Edward J. Whitehead and William M. R. Vose, parties of the second part, all of the county of Cook, and State of Illinois.

Witnesseth: That, whereas, said party of the first part has contracted for the purchase of sub-lots one (1), two (2), three (3) and four (4), in Watson's subdivision of lots one (1), two (2) and three (3) in Dobbin's subdivision of the north one-half ($\frac{1}{2}$), southeast one-quarter (S. E. $\frac{1}{4}$), northeast one-quarter (N. E. $\frac{1}{4}$), section three (3), township thirty-eight (38) north, range fourteen (14) east of the third principal meridian (E. 3d P. M. ) in Cook county, Illinois, and proposes to erect thereon a six story building divided into stores and flats, according to certain plans now being prepared by Architect Thomas.

And, whereas, the said parties of the second part desire to purchase the said premises when complete.

Now, therefore, the said party of the first part hereby, in consideration of one hundred dollars ($100) and other good and valuable considerations, covenants and agrees with said parties of the second part that he will complete said building on or before the first day of April, A. D. 1890, in a workmanlike manner, and in accordance with said plans and specifications, with such modifications thereof or additions thereto as may be mutually agreed during the construction of said building, and that on the completion thereof, as soon thereafter as request is made, he will sell and convey the same to said parties of the second part, their

assigns, or any one to whom they may direct such conveyance to be made.

And said party of the first part further covenants and agrees that the consideration for such transfer shall be the actual cost of said building and lots. And it is mutually agreed that in determining the cost of said premises, the following items shall be considered:

1st. The cost of the land, all costs in connection with acquiring title thereto, together with interest on deferred payments, if any.

2d. The entire cost of building and plans.

3d. The cost of procuring and carrying all necessary loans for funds in purchase of land, labor and material.

4th. Insurance and taxes.

5th. The compensation of twenty dollars ($20) per week to said Goodall for his services from the date of this agreement until the said building is complete, but not for a longer period than the 1st day of April, A. D. 1890.

And it is further mutually covenanted and agreed, that if said premises are sold by the said parties of the second part at a price above the cost of said premises, then said Goodall shall receive one-eighth ($\frac{1}{8}$) of the profit arising from such sale, and that the parties of the second part shall severally receive a like share. Or, if it shall be determined to organize a corporation under the laws of the State of Illinois, for the purpose of ownership of said premises by the parties hereto, then the total capital stock of such corporation shall not exceed the value of said premises and improvements thereon, and the said Goodall shall receive one-eighth ($\frac{1}{8}$) of such capital stock. And the parties of the second part shall severally receive the same proportion of the stock.

Said first party agrees to keep said premises fully insured, and also keep said parties of the second part advised of any contracts made by him, and of all obligations incurred which affect his financial condition, either in connection with this building or any other business; that he will present satisfactory evidence of payments made by him for labor and material; that he will prosecute the completion of said building as rapidly as possible and to the best of his

ability.   This agreement shall be binding upon the heirs, executors, administrators and assigns of all the parties hereto.

Witness the hands and seals of the said parties, this 4th day of June, A. D. 1889.

|  |  |
|---|---|
| GEORGE B. GOODALL, | [SEAL.] |
| JOHN J. SLATER, | [SEAL.] |
| J. A. COST, | [SEAL.] |
| HANNIBAL B. BRIGGS, | [SEAL.] |
| OTIS L. BEARDSLEY, | [SEAL.] |
| GEO. D. BARRETT, | [SEAL.] |
| EDWARD J. WHITEHEAD, | [SEAL.] |
| WILLIAM M. R. VOSE. | [SEAL.] " |

It does not appear that the appellants made any writing among themselves, but it was part of their scheme that the most of the money needed to erect the building should be loaned to Goodall by the Building and Loan Association, and that the appellants, from their own funds, would put in about $20,000—which in fact became about $35,000—with which to pay to the Building and Loan Association the dues and interest accruing to the Building and Loan Association under the law of such corporations, and the contract of Goodall with the Building and Loan Association in this instance.

It was expected that a loan of $75,000 would be sufficient, but as one of the appellants, as a witness, expressed it, " Goodall ran ahead so fast we couldn't control him; he got away from us; we couldn't control him," and so the loans ran up to $150,000.   The appellants had " a committee to superintend Goodall, and see as to the construction of the building, and see that the cost of the building would not be unduly increased," whose efforts seem to have been not entirely successful.

The appellee sued upon a promissory note, made by Goodall, as follows:

" $508.                    CHICAGO, ILL., February 8, 1891.

Four (4) months after date, we promise to pay to the order of Geo. M. Clark & Co., five hundred and eight and 67-100 dollars, payable at 4134 Cottage Grove Ave., Chicago. Value received.                    G. B. GOODALL & Co."

The consideration of the notes was the unpaid part of the price of forty-four gas stoves put into the building, connected with gas, and used for cooking.

The name of George B. Goodall & Co. was adopted by Goodall for his bank account connected with the building at the suggestion of one of the appellants, who was cashier of the bank, to avoid confusing the building account with his other account.

We regard it to be quite immaterial whether the name of partnership could appropriately be applied to the connection between Goodall and the appellants. It was a joint adventure, to which the appellants furnished the needed funds, partly from their own pockets, and partly from the treasury of a corporation, which they, being a majority of the board of directors, could control; in which adventure the appellants and Goodall were to share equally in the hoped for profit. Morse v. Richmond, 97 Ill. 303.

Goodall was intrusted by the appellants with carrying out the adventure, except, as later, the appellants ineffectually tried to supervise his acts through a committee of themselves. Obligations he incurred to other parties in the execution of this joint adventure, are binding upon them all.

We take every fact in the case, except the note and its consideration, from the version given by the appellants.

The judgment that the appellee recovered is affirmed.