## Hannibal B. Briggs et al., Impleaded, etc., v. James H. Rice Co.

1. PARTNERSHIP—*Joint Adventures.*—Where a transaction is a mere device to obtain the benefits of a partnership without incurring its responsibilities, whatever the parties may call it, it will be construed to be a partnership.

**Assumpsit**, on a promissory note. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict and judgment for plaintiff; error by defendant. Heard in this court at the March term, 1899. Affirmed. Opinion filed July 11, 1899.

**Statement.**—This suit was brought by defendant in error against plaintiffs in error and one Goodall, to recover against them jointly upon a promissory note made by Goodall in the name of G. B. Goodall & Co. The declaration contains a special count on the promissory note and the common counts. The pleas presented general issue, denial of execution and denial of joint liability. Plaintiffs in error and Goodall entered into a contract, the purpose

of which was the construction of an apartment building. The contract is set out in full in the opinion filed in Slater v. Clark, 68 Ill. App. 433, in which case this court had occasion to consider the same contract. By its terms Goodall was to secure the land, erect the building, and after its completion, convey to the plaintiffs in error, upon payment by them of the actual cost and stipulated wages for his services. It was also provided that in the event of a sale of the property by plaintiffs in error at a profit, Goodall should share in the profits to the extent of one-eighth thereof, and that if the property were retained by plaintiffs in error by organizing a corporation to own and control it, then Goodall should become owner of one-eighth of the capital stock of such company. The building was to be constructed as mutually directed by Goodall and plaintiffs in error. Goodall was to keep the plaintiffs in error advised of all contracts made by him in relation to the enterprise, and of his own financial condition.

Aside from the contract, there was evidence to show that the plaintiffs in error had contributed in money toward the carrying out of the enterprise.

The note sued upon was given for materials used in the construction of the building.

The jury found the issues for the plaintiff, defendant in error, and assessed its damages at the amount due upon the promissory note. From judgment upon the verdict this appeal is prosecuted.

WHITEHEAD & STOKER, attorneys for plaintiffs in error.

ASHCRAFT & GORDON, attorneys for defendant in error.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

The only question presented is as to whether the contract in question made plaintiffs in error jointly liable with Goodall for materials used in the construction of the building. This contract has once before been brought to the consideration of this court, and the effect of it was then passed upon. Slater v. Clark, 68 Ill. App. 433.

There was evidence in that case, as there is here, showing that the plaintiffs in error contributed money to the carrying out of the enterprise, in the profits of which they and Goodall were to share. The court then held that the plaintiffs in error were jointly liable with Goodall for materials used in the construction of the building. We are disposed to so hold now.

The decisions of the courts upon the effect of land and building contracts as creating joint obligations differ as applied to the facts of differing cases. Each of such contracts necessarily stands upon the provisions in the individual case.

There is reason for regarding this contract as an attempt to accomplish the carrying out of a joint venture in the name of one of the adventurers and for the mutual profit of them all. The terms of the contract warrant such a conclusion.

When so regarded, the case comes within the application of the rule announced in Morse v. Richmond, 97 Ill. 303; State Bank v. Butler, 149 Ill. 575.

The judgment is affirmed.