FRANK H. CLARK

*v.*

DeWITT C. MALLORY *et al.*

*Opinion filed April 17, 1900.*

1. CONTRACTS—*contract must be enforced as written, if plain and unambiguous.* When the language employed in a written contract is plain and unequivocal there is no room for construction, and the instrument must be given its legal effect as written, even though the parties may have failed to express their real intention.

2. SAME—*intention of parties to a written contract is to be determined from the contract itself.* The intention of the parties to a written agreement is to be determined from the contract itself, and not from their previous understandings or agreements.

3. RELEASE—*the unconditional release of one joint debtor releases his co-obligor.* A plain, unconditional and unambiguous release of one joint debtor operates in law to discharge the co-obligor, and extrinsic evidence is not admissible to establish a contrary intention not appearing upon the face of the instrument or from the circumstances connected with its execution.

*Clark* v. *Mallory*, 83 Ill. App. 488, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

In the summer of 1888 the firm of H. E. Mallory & Bro., composed at the time of Lucy Ann Mallory and DeWitt C. Mallory, became indebted to the Drovers' National Bank of Chicago. On December 1, 1888, the firm was dissolved, DeWitt C. Mallory retiring, and on March 23, 1889, Lucy Ann Mallory made and executed to the bank, in renewal of an unpaid balance of that indebtedness, a judgment note for $1933.27, signed "H. E. Mallory & Bro., Lucy Ann Mallory." On April 17, 1889, she made a second judgment note to the bank for $3000, and signed the same "Lucy Ann Mallory." These two notes evidenced the total unpaid balance due the bank from the firm of H. E. Mallory & Bro., and neither being paid, they were endorsed, for convenience, to Frank H. Clark. On November 11, 1889, judgment was entered upon the $3000 note, and on June 5, 1890, likewise upon the one for $1933.27. The last judgment, including interest, attorney's fees and costs, amounted to $2225.25. Subsequently, in February, 1896, plaintiff in error filed his creditor's bill, based on this latter judgment, making the defendants in error parties thereto, by which he sought to collect the amount of said judgment from DeWitt C. Mallory. On the hearing the circuit court dismissed the bill for want of equity and on appeal the Appellate Court affirmed the decree, from which judgment of affirmance plaintiff in error prosecutes this writ of error.

E. F. THOMPSON, and PLINY B. SMITH, for plaintiff in error:

A receipt given to one partner in satisfaction of all demands against him will not discharge his co-partners unless so intended. *Ex parte Good,* 5 Ch. Div. 46; 1 Lindley on Partnership, 435.

The technical rule by which a release of one joint debtor is made to operate as a discharge of all, is not to be extended to cases not within the reason and equity of

the rule. *Moore* v. *Stanwood*, 98 Ill. 605; *Parmalee* v. *Lawrence*, 44 id. 405; *Insurance Co.* v. *Preble*, 50 id. 335.

While formerly a more strict and technical rule prevailed, the weight of authority now is, that, although apt and technical words of release are used, if the parties, taking into consideration the circumstances of the case, their relation to each other and considering the instrument as a whole, cannot reasonably be supposed to have intended a release of the whole debt, it will be construed only as an agreement not to charge the party to whom the release is given, and will not be permitted to have the effect of a technical release. *Benton* v. *Mullin*, 61 N. H. 127; *Bonney* v. *Bonney*, 29 Iowa, 448; *McAllister* v. *Sprague*, 34 Me. 296; *Burke* v. *Noble*, 48 Pa. St. 168; *Curley* v. *Taylor*, 6 Johns. Ch. 343; *Couch* v. *Mills*, 21 Wend. 424; *Durrell* v. *Wendall*, 8 N. H. 872; *Thomason* v. *Clark*, 31 Ill. App. 454; *Murphy* v. *Halleran*, 50 Ill. App. 594.

PECK, MILLER & STARR, for defendants in error:

The instrument in question, if it releases one obligor, will operate to release the other joint obligor. *Parmalee* v. *Lawrence*, 44 Ill. 405; *Leland* v. *Winslow*, 128 id. 304; *Rice* v. *Webster*, 18 id. 331; *Benjamin* v. *O'Connell*, 4 Gilm. 536; *Struble* v. *Hake*, 14 Ill. App. 546; *Lovejoy* v. *Murray*, 3 Wall. 1.

The instrument executed by complainant is a plain, absolute, unconditional and unambiguous release of a joint judgment debtor, and cannot be impeached, varied or altered by evidence *aliunde*. *Miltimore* v. *Ferry*, 171 Ill. 225; *Ames* v. *Brooks*, 143 Mass. 344; *McClelland* v. *James*, 33 Iowa, 571; *Glendale Co.* v. *Insurance Co.* 21 Conn. 19.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The point is made and argued that the judgment upon which the creditor's bill of plaintiff in error is based is invalid because taken on a note executed by one of the partners in the firm name after the dissolution of the partnership of H. E. Mallory & Bro. The decisions of

the circuit and Appellate Courts do not seem to have turned upon or to have been influenced by that question, and as the judgment of the Appellate Court will be affirmed upon other grounds it is not necessary for us to consider the point.

It appears from the record that after the taking of judgment by confession on the notes referred to in our statement of the case, plaintiff in error had negotiations with Lucy Ann Mallory, (now Randolph,) through her attorney, looking to a settlement of the indebtedness due on these notes, which resulted in the making of the following instrument or instruments:

"Frank H. Clark, of Chicago, Ill., being the owner of two notes, one dated March 23, 1889, for $1933.27, signed H. E. Mallory & Bro. and Lucy A. Mallory, and also one dated April 17, 1889, for $3000, signed Lucy A. Mallory, and both running to Drovers' National Bank, which notes have each been put into judgment by said Clark, as plaintiff, against Lucy A. Mallory, in the circuit court for the county of Cook, in the State of Illinois, and said plaintiff having agreed upon a settlement of said judgments with said Lucy A. Mallory (now Randolph) so far as her liability thereon is concerned, and by virtue of which settlement she is to be forever released from all liability thereon, both as to damage and costs, the terms of said settlement is as follows: Said Lucy A. is to execute a quit-claim deed of lots 23, 24, block 14, and lot 9, block 5, Rhodes & Clark's subdivision, on Sec. 26 and 27, T. 40, N., R. 12, E., and lot 30, block 4, in A. F. Faucett's subdivision, etc., all in Cook county, Illinois; also N. E. ¼ of N. W. ¼, Sec. 33, T. 82, N., R. 26, W., in Boone county, Iowa, all of said land formerly owned by Herbert E. Mallory at the time of his death, and the interest that said Lucy A. has in said lands she derives through the will of Herbert E. Mallory, her former husband; also, said Lucy is to release to said Clark all claim she has for rent of house and lot 30 above referred to, from J. F. Waugh, present tenant of said lot; also to release to said Clark all claim that she has against A. Tremen & Son, of Omaha, Neb.; also all claim that she has against DeWitt C. Mallory growing out of a partnership between herself and said Mallory in the live stock business, as shown by the company's books now in the hands of A. D. Eddy, attorney, at Chicago, Ill., and she is also to pay said Clark $1500

cash. On the performance on her part of all the foregoing she is to be forever released and freed from all obligation and liability on said judgments and said notes upon which the same was founded, and said Clark agrees to accept the same in full satisfaction from her of all claim, right, title, interest and demand growing out of or founded upon said notes and judgments in any and every way,—said property and money being all that plaintiff has received on said claims in any way, and all that he is to receive, and the same being all that has ever been received by any one on said notes and judgments rendered thereon."

"March 13, 1891.—The settlement of the foregoing matters set forth notes and judgments this day concluded according to the above stated terms, and Mrs. Mallory is hereby released from all further liability on said judgments and notes."

"CHICAGO, *Mch. 13, '91.*

"Received of Mrs. Lucy A. Randolph, deeds, assignments and $1500 in cash in full settlement of all debts and demands, of every name and nature, to me due and owing from her.

FRANK H. CLARK."

"CHICAGO, *Mch. 13, '91.*

"The property assignments and cash this day received in settlement of the foregoing claims against Lucy A. Randolph are all that have been received on account thereof, and we have no further claims against any of her property on account of said indebtedness.          FRANK H. CLARK."

It is contended by the defendants in error that the execution and delivery of these instruments to Mrs. Randolph, releasing her from all further liability on the indebtedness of the firm of H. E. Mallory & Bro., operated, in law, to release her former partner and joint debtor, DeWitt C. Mallory. In reply, plaintiff in error insists it was not the intention of the parties by said instruments to release DeWitt C. Mallory, but that the same were mere personal acquittances or receipts given to Mrs. Randolph. In support of this view, plaintiff in error was permitted to introduce, over objection, his own testimony to the effect that it was not so intended, and a series of letters that passed between himself and Mrs. Randolph's attorney leading up to the execution of the instruments;

also the affidavit of said Lucy Ann Mallory to the same effect. In our opinion this extraneous evidence as to the intention of the parties was clearly incompetent. While courts will uniformly endeavor to ascertain the intentions of the parties in construing a contract between them, and for that purpose will look into the surrounding circumstances at the time the contract was executed if the language of the instrument is ambiguous or its meaning uncertain, still when the language employed is unequivocal, although the parties may have failed to express their real intention, there being no room for construction, the legal effect of the instrument will be enforced as written. Intention of the parties is not to be determined from previous understandings or agreements, but must be ascertained from the instrument itself which they execute as their final agreement, otherwise written evidence of an agreement would amount to nothing.

Referring to the instrument herein set out, Clark, the plaintiff in error, testified that the principal or first writing as above set forth was submitted to him by Mrs. Randolph's attorney, but that he refused to sign it for the reason that he feared by so doing he would also release DeWitt C. Mallory, and that he himself wrote the two short instruments and signed them, and that they represent the only agreement entered into between himself and Mrs. Randolph. It is evident from the language used in the two short writings that they have reference to the matters more fully set out in the first, and were so intended. But, conceding that Clark's statement is true, the instruments which he admits he executed are plain, certain, unambiguous statements that the cash and collaterals received from Mrs. Randolph were "in full settlement of all debts and demands, of every name and nature, to me due and owing from her," and that he had "no further claims against any of her property on account of said indebtedness." It certainly cannot be said that this language is not sufficient to absolutely release Mrs.

Randolph from any further liability to Clark, nor is there any ambiguity or indefiniteness therein to open the door to the introduction of extrinsic evidence to explain Clark's alleged intention not to thereby release DeWitt C. Mallory also. His claimed intention could very easily have been made to appear upon the face of the instru-ment which he admits he wrote himself, in which case the agreement might, as is now contended, properly have been construed as a covenant not to sue Mrs. Randolph but not affecting the right to further pursue DeWitt C. Mallory. The rule is as announced in the case of *Parme-lee* v. *Lawrence*, 44 Ill. 405, "that where the release of one of several obligors *shows upon its face* and in connection with the surrounding circumstances that it was the in-tention of the parties not to release the co-obligors, such intention, as in the case of other written contracts, shall be carried out, and to that end the instrument shall be construed as a covenant not to sue." Here no such in-tention appears upon the face of the instrument or from the circumstances connected with its execution.

Another circumstance seems to strongly oppose the contention of plaintiff in error. It appears from his own testimony that at the time he executed the foregoing writings releasing Mrs. Randolph from further liability he delivered to her attorney the note which forms the basis of this suit. Had he not intended to release her joint debtor also, he would have retained the note for further use in a proceeding against DeWitt C. Mallory.

We think the instrument which plaintiff in error ad-mits he executed is a plain, absolute, unconditional and unambiguous release of a joint debtor, which cannot be impeached, varied or altered by evidence *aliunde*, and being such, operates in law to discharge the co-obligor. *Parmelee* v. *Lawrence, supra; Winslow* v. *Leland,* 128 id. 304.

For the reasons indicated the judgment of the Appel-late Court will be affirmed.          *Judgment affirmed.*