Frederick W. Blocki, Commissioner of Public Works, v. The People of the State of Illinois, ex rel. South Chicago City Railway Company.

Gen. No. 11,279.

1. STREET RAILWAY TRACKS—*when limit of time within which, shall be constructed, does not apply.* Where an ordinance provides that street railway tracks shall be completed within two years, such limit does not apply if the ordinance likewise provides that no time during which the construction shall be enjoined against shall be counted, and such construction has been so enjoined against.

*Mandamus* proceeding. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed November 14, 1905.

Statement by the Court. The relator, the South Chicago City Railway Company, filed its petition in the Superior Court of Cook County for a writ of *mandamus* against appellant as Commissioner of Public Works of the City of Chicago. The petition sets out the ordinance authorizing

it to construct and operate a street railway on Torrence avenue from 106th street south to 114th street, and upon other streets.

The petition also sets out a full compliance with paragraph 90, section 1 of Article IV of an act of the General Assembly of the State of Illinois entitled "An act to provide for the incorporation of cities and villages," approved April 10, 1872, in force July 1, 1872, and the acts amendatory thereof, which relates to petitions in writing signed by owners, respectively, of land representing more than one-half of the frontage of each and every of the streets sought to be used for railroad purposes. These petitions were in conformity with said act, and were presented to the common council of the city of Chicago, and upon consideration thereof and the application of the railway company, the ordinance was duly passed. The petition avers full performance of all the provisions of the ordinance to be observed and performed by the relator.

To this petition appellant filed a general demurrer, which was overruled. Appellant elected to stand by his demurrer, and the court rendered judgment, awarding the writ prayed for.

WILLIAM D. BARGE, for appellant; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

CHARLES C. GILBERT, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The question presented by the record is whether or not under the ordinance appellant rightfully withheld the permit to build a double track street railway of the character described in the ordinance on Torrence avenue from the junction of its present tracks on the same at 106th street to 110th street, and also connecting said tracks with the present tracks on 106th street, according to the prayer of the petition.

While many questions are discussed in appellant's brief

Blocki v. The People.

concerning which there is no controversy, the main question before us turns upon the meaning of section 2 of the ordinance and its application to the facts set up in the petition.

This section of the ordinance grants permission and authority to lay down, complete and have in operation a double-track railway within two years from and after the passage of the ordinance, over the route therein described, provided that all privileges granted shall absolutely cease and determine as to any portion of the lines on which the tracks shall not be completed and in operation within the time specified. It is further provided in this section "that should the construction of said railways or any part thereof be delayed by the injunction of any court of competent jurisdiction, the time of such delay, after notice to the corporation counsel of the pendency of proceedings for injunction, shall not be reckoned as a part of the time herein limited, and the city of Chicago may intervene in such proceedings with all rights of a party thereto."

The ordinance was passed March 4, 1895, and was approved by the mayor of the city of Chicago on March 12, 1895, and accepted by relator on the same date. The relator, as appears from the petition, commenced the construction of its railway on 70th street, under the ordinance, and had its employees and materials upon the ground ready and equipped to proceed with the construction of the railway upon and along 70th street on June 15, 1895, when it was enjoined at the suit of the Third National Bank of Chicago by its receiver, by the Circuit Court of Cook County, from constructing, operating, laying or building tracks or cars of any kind, or transporting or depositing any materials in or along 70th street, projected from Jeffrey avenue or Jeffrey avenue projected at the intersection of 70th street or 70th street projected eastward to Beveridge avenue. Notice of the pendency of the injunction proceedings was given to the corporation counsel of the city of Chicago, in writing, on June 24, 1895. The injunction continued in force and effect until May 15, 1902, at which time the Circuit Court dismissed the bill, and thereby the injunction was dissolved.

On June 27, 1902, the railway company made application to appellant as commissioner of public works for a permit to construct a line on Torrence avenue from 106th street southward to 110th street, and to connect such extension with its present lines on Torrence avenue and 106th street. Appellant took no action upon this application.

On February 5, 1904, the relator again made application to appellant as commissioner of public works for a permit to build a double track street railway, of electric overhead trolley wire construction, on Torrence avenue from the junction of its present tracks on 106th street south to 110th street and also connecting said tracks with the present tracks on 106th street. Appellant declined to issue the permit on the ground that the privileges granted to relator by the ordinance as to Torrence avenue had ceased and determined because of the delay caused by the injunction against the construction of the 70th street part of the line, the contention being that the ordinance required that each and every part and portion of the system should be constructed within the time fixed, except those parts, if any, whose construction was prevented by injunction.

In our opinion the city council has expressed itself so clearly in the proviso in section 2 of the ordinance above quoted that there is no room for construction of the language used. The proviso says, "that should the construction of said railways or any part thereof be delayed by the injunction of any court of competent jurisdiction the time of such delay" * * * "shall not be reckoned as a part of the time herein limited." The meaning of this language is, we think, just what the words purport and nothing more. If the delay caused by an injunction as to a particular part was not to apply to any other part of the system, it was not expressed in the ordinance.

In Clark v. Mallory, 185 Ill. 227, the well-recognized rule of enforcing contracts is expressed in the following words : "When the language employed is unequivocal, although the parties may have failed to express their real intention, there being no room for construction, the legal effect

of the instrument will be enforced as written." And "courts cannot, as a general rule, disregard the plain language of a statute. It is their duty to accept it as they find it, and enforce it as plainly written." Ottawa Gas Light & Coke Co. v. Downey, 127 Ill. 201. "Where the language of a statute is plain and unambiguous there is no room for construction, and the words used must have their natural meaning, unless some absurd or injurious consequence will result which was not foreseen by the legislature." I. C. R. R. Co. v. City of Chicago, 173 Ill. 471.

Applying this principle to the ordinance set out in the petition, we do not find it necessary to go beyond the wording of the ordinance to ascertain the intention and purpose in passing it. The ordinance is expressed in clear and precise terms, and the sense is manifest and leads to nothing absurd or unreasonable. Taking the words in their natural meaning, and applying them literally to the subject-matter, no palpable injustice is worked out, nor will any imperative public exigency be contravened. There is, therefore, no reason for not enforcing the ordinance as it is plainly written. C., M. & St. P. R. R. Co. v. Dumser, 109 Ill. 402.

Under the ordinance the time during which relator was under the injunction of the Circuit Court prohibiting it from proceeding with the work along 70th street or on Jeffrey avenue is not to be reckoned, we think, as a part of the time limited for the construction of the Torrence avenue part of the system.

The judgment of the Superior Court is affirmed.

*Affirmed.*