**S. C. Lurie, Appellant, v. Ida H. Linderman, Appellee.**

**Gen. No. 46,869.**

First District, Third Division.

June 13, 1956.

Released for publication September 12, 1956.

Aaron Soble, of Chicago, for appellant.

Tuohy & Quinn, of Chicago, for appellee.

PRESIDING JUSTICE LEWE delivered the opinion of the court.

Plaintiff brought suit on a deficiency judgment in the sum of $2,254.60 entered in a mortgage foreclosure proceeding in the Circuit Court of Cook county on March 9, 1936, in favor of Christian Bauer and against Ida H. Linderman, Morris Aronowitz, Hyman Singer and Bessie Singer, the named defendants in the foreclosure proceedings.

April 9, 1955, Christian Bauer assigned the judgment to plaintiff. The present suit was instituted April 19, 1955, against only one of the defendants, Ida H. Linderman, a resident of California.

In addition to his complaint at law, plaintiff filed an affidavit of attachment and bond upon which a writ

of attachment was issued. The sheriff certified that he levied on all the right, title and interest of defendant Linderman in and to certain real estate located in Cook county, Illinois.

Defendant answered averring that on July 27, 1943, Christian Bauer, the plaintiff in the foreclosure proceedings, for a valuable consideration, executed a covenant not to sue defendant Linderman. The attachment was sustained because of defendant's nonresidence. On the trial of the cause the court found the issues for defendant and the attachment theretofore sustained was released. Judgment was entered accordingly, and plaintiff appealed.

There is evidence tending to show that defendant Linderman paid Christian Bauer fifty dollars for the covenant. The covenant which appears in the record is under seal and recites that Bauer ". . . for and in consideration of the sum of One ($1.00) Dollar and other good and valuable considerations to me paid by Ida H. Linderman, receipt whereof is hereby acknowledged, do by this instrument, covenant and agree not to sue the said Ida H. Linderman, her heirs, administrators, and assigns, and forever as to the said Ida H. Linderman to refrain from instituting, pressing, or in any way proceeding for the enforcement of payment of the Deficiency Decree entered against the said Ida H. Linderman in the case of Christian Bauer v. Morris Aranovitz [sic], Hyman Singer, Bessie Singer, and Ida H. Linderman in the Circuit Court of Cook County, Case No. 35 C 13973, and further agree not to institute any proceeding, suit, or action in law or in equity to enforce the payment of the said Deficiency Decree herein above described or any portion thereof as to the said Ida H. Linderman." It further recites that "it is distinctly understood and mutually agreed that nothing contained in this instrument is intended as a release

77

or the purchase of the piece by any other debtor to said Deficiency Decree."

Plaintiff's sole contention is that the covenant not to sue is *nudum pactum*.

In support of his contention plaintiff places great reliance on Wright v. Federal Wrecking Co., 331 Ill. App. 231. In that case the Wrecking Company paid Wright $350 for signing a document represented to him as a receipt for that sum but purporting to be a complete satisfaction of a judgment Wright had against the Wrecking Company in the sum of $4,728.11. In accordance with the prayer of a petition filed by Wright, the satisfaction of judgment was expunged. Without any reference to the consideration of fraud the court said, at page 237: ". . . in the absence of a statute providing otherwise, a judgment is not discharged by a part payment under a parol agreement that such payment shall be accepted in full satisfaction, or by a part payment and an ordinary written receipt in full, . . ."

In our view, the rule announced in Wright v. Federal Wrecking Co. is inapplicable in the instant case. Here we are dealing with a covenant not to sue, which by its express terms provides that the judgment remains in full force and effect as to the other defendants named in the deficiency judgment. In the early case of Parmelee v. Lawrence, 44 Ill. 405, the court held at page 413, that ". . . where the release of one of several obligors shows upon its face, and in connection with the surrounding circumstances, that it was the intention of the parties not to release the co-obligors, such intention, as in the case of other written contracts, shall be carried out, and to that end the instrument shall be construed as a covenant not to sue." Later the principle announced in the Parmelee case was fully sustained by our Supreme Court in Clark v. Mallory, 185 Ill. 227;

78

and Dupee v. Blake for Use of Metropolitan Nat. Bank, 148 Ill. 453.

Plaintiff says that the covenant not to sue was not based on a valid consideration. Since the covenant not to sue here in controversy is under seal, the law is well established that the plaintiff cannot challenge its validity on that ground.

In Woodbury v. United States Casualty Co., 284 Ill. 227, the court said, at page 234: ". . . in an action at law a release under seal by a person of his cause of action is a complete bar unless its execution is shown to have been obtained by fraud. Such a release carries with it the presumption that it was executed for a valuable consideration, and no evidence can be introduced for the purpose of showing that there was no consideration for the giving of the instrument." To the same effect see Whyte v. Rogers, 303 Ill. App. 115.

We think there can be no doubt from a reading of the plain and unequivocal language of the covenant not to sue executed by Christian Bauer in favor of the defendant Ida H. Linderman that it was clearly intended by the covenant that she was not to be sued upon the deficiency judgment.

For the reasons stated, the judgment is affirmed.

Judgment affirmed.

FEINBERG and KILEY, JJ., concur.