Alexander Saghin and Maria Saghin, Husband and Wife, Plaintiffs-Appellants, v. Alexander Romash and Elizabeth Romash, Husband and Wife, Defendants-Appellees.

Gen. No. 69–157.

Second District.

May 11, 1970.

Rehearing denied June 11, 1970.

473

Alexander Saghin, of Aurora, for appellants.

Dreyer, Foote and Streit, of Aurora, for appellees.

JUSTICE THOMAS J. MORAN delivered the opinion of the court.

This appeal arises from an action for specific performance brought upon a two-count amended complaint on behalf of the plaintiffs against the defendants. Only count I of the amended complaint is before this Court.

The amended complaint alleges that, prior to 1964, the plaintiffs lived in the Country of Rumania; that at least once a year, from 1950 until 1964, the defendant-husband (hereinafter referred to as defendant) wrote letters to the plaintiffs promising them that if they immigrated to the United States of America he would support plaintiffs and give them all his property, reserving for himself only a right to live on said property; that on or about the 9th day of May, 1953, the defendant, prior to his present marriage, entered into a certain agreement whereby he was to retain all his property free from any claim or interest of the defendant-wife after their marriage; that on May 26, 1953, the defendant made an offer to the plaintiffs that if they would forego their residence in Rumania and come to the United States of America, he would convey and deliver to the plaintiffs all his right, title and interest in and to assets owned by him, and later acquired by him prior to their arrival in the United States of America; that the offer is reflected by defendant's handwritten letter in the Rumanian language, an English translation being attached to the amended complaint; that the defendant had made other offers in writing which were confiscated or destroyed by the Rumanian officials.

It was further alleged that as early as the year 1952, the plaintiffs, in reliance upon the offers, petitioned the appropriate Rumanian authorities for permission to im-

475

migrate to the United States of America, did come to the United States of America in June of 1964, and made a demand upon the defendant for a conveyance of the property; that the plaintiffs, as a condition of their immigration to the United States of America, gave up all claim to a pension from the Rumanian government and other legal rights which they had; that the plaintiffs relied upon the offers of the defendant, but the defendant refused to convey the property; that the defendant had breached the contract in that he conveyed one parcel of real estate to a third party in July of 1965, revoked his prenuptial agreement on January 21, 1966, and refuses to transfer and set over to the plaintiffs all of his property as agreed.

The amended complaint, count I, continues that the defendant has thus breached the contract, that both defendants have collected income and profits from the property which is difficult to ascertain, that the plaintiffs have fully performed and have no adequate remedy at law. The count seeks an accounting of all profits and income, a decree of specific performance, and a judgment against the defendants for damages.

The defendants filed a motion to dismiss setting out a postnuptial agreement executed by them on January 21, 1966, revoking their prenuptial agreement of May 9, 1953. The court denied this motion to dismiss.

Defendants then filed a motion for summary judgment and attached thereto excerpts from letters received by them from the plaintiffs. These excerpts were translations from the Rumanian to the English language, and were verified by the defendant. The court granted the motion for summary judgment and, thereafter, the plaintiffs filed a motion for rehearing, pro se. The motion for rehearing is supported by an unsworn ten-page, single-spaced, legal-length statement, with scant margins. The document purports to quote from other letters written by the plaintiffs to the defendants and contains

476

arguments and observations as to the intentions of the writers. Eight days later, a similar document consisting of eight pages and entitled, "Addition to Plaintiffs' Motion for a Rehearing, Retrial, Vacate," was filed by the plaintiffs. The disposition of this motion is not ascertainable from the record or excerpts; however, on May 20, 1969, the plaintiffs filed a notice of appeal seeking to set aside the judgment of April 23, 1969, allowing the defendants' motion for summary judgment as to count I.

Count II, an action against the same parties for breach of an alleged contract to support the plaintiffs while they reside in this country, is held in abatement during the pendency of this appeal.

Plaintiffs complain that the court erred in granting the motion for summary judgment because sworn or certified copies of all papers, upon which the affiant relied, were not attached to the motion, nor did the affidavit attached show that the defendant, if sworn as a witness, would be competent to testify to the contents of the motion and affidavit.

The excerpts of letters attached to the motion for summary judgment purport to be letters from the plaintiffs to the defendants. This fact is not denied by the plaintiffs and, in their motion to reconsider, further portions of the letters are set out. The letter of the defendant, upon which the plaintiffs rely, is attached to their amended complaint as their exhibit "B." The point raised is not that the letters are false, but that the copies and excerpts were not "sworn or certified copies and that the affidavit did not affirmatively show that if sworn as a witness he could competently testify thereto."

■■ Supreme Court Rule 191(a) does not demand that affidavits contain the phrase "that the affiant, if sworn as a witness, can testify competently thereto," or fail. The rule is satisfied if it affirmatively appears from the whole of the documents that the affiant would be a competent witness if called. Ragen v. Wolfner, 43

Ill App2d 70, 76, 192 NE2d 560 (1963). Furthermore, in this case, the letter purporting to be the contract was pleaded by the plaintiffs. The excerpts of the plaintiffs' letters attached to the motion for summary judgment are not denied. We are of the opinion that the rule set forth in the Ragen case has been met and therefore, this assignment of error is without merit.

██ Plaintiffs argue that the court decided a disputed issue of fact, i. e., whether or not an offer had been made. The purpose of summary judgment is to facilitate litigation and expedite trial procedure, Barkhausen v. Naugher, 395 Ill 562, 567, 70 NE2d 565 (1947). In considering such motion, the trial court searches the record, (People ex rel. Highsmith v. County of Jefferson, 87 Ill App2d 145, 150, 230 NE2d 480 (1967)) and must consider the record as a whole, Slone v. Morton, 39 Ill App2d 495, 498, 188 NE2d 493 (1963). If, upon examination of the record, the court finds a genuine triable issue of material fact, the motion should be denied, Barkhausen v. Naugher, supra; Applicolor, Inc. v. Surface Combustion Corp., 77 Ill App2d 260, 266, 222 NE2d 168 (1966). On the other hand, where there is an absence of a genuine triable issue of material fact, the court must then proceed to determine whether or not the movant is entitled to judgment as a matter of law, Applicolor, Inc. v. Surface Combustion Corp., supra.

██ In the instant case, we have read the communications between the parties, especially exhibit "B," as translated, upon which the plaintiffs primarily rely for their cause of action. As a matter of law, we find no offer on the part of the defendant to dispossess himself and his wife of all of their property and give it to the plaintiffs upon their arrival in the United States of America. On the contrary, the letters show that the plaintiffs requested the defendant to bring their family to this country and, over the years, the defendant regularly sent

money to the plaintiffs in Rumania, which money they frequently promised to repay. We are of the opinion, from our review of the record as a whole, that the trial court was correct in finding no genuine triable issue of material fact and that the defendants were entitled to a judgment on their motion as a matter of law.

Lastly, plaintiffs complain that the trial court refused them leave to file counteraffidavits. In our search of the record, we are unable to find this refusal except in the argument in plaintiffs' brief. The record contains the motion to reconsider supported by the formidable documentation mentioned above, which was filed. It also contains an order entered on June 19, 1969, in which the court recites that, after hearing the arguments on the motion to vacate the summary judgment and allowing the filing of an amendment to the motion to vacate, it denies the motion to vacate the summary judgment.

It is the duty of the appellant to present an abstract or excerpts sufficient to set forth every error relied upon for reversal. Dempski v. Dempski, 27 Ill2d 69, 72, 187 NE2d 734 (1963). On appeal, all reasonable presumptions are in favor of the judgment of the trial court, and the party who prosecutes an appeal has the burden of overcoming these presumptions by affirmatively showing the errors charged. Husted v. Thompson-Hayward Chemical Co., 62 Ill App2d 287, 296, 210 NE 2d 614 (1965). The record, as well as the excerpts, fail to show the court's order which refused plaintiff's leave to file counter-affidavits. This alleged error is not properly before us.

The judgment of the trial court is affirmed.

Judgment affirmed.

DAVIS, P. J. and SEIDENFELD, J., concur.