HERTZ EQUIPMENT RENTAL CORPORATION, Plaintiff-Appellee, *v.* HIGH-LAND LAKE CONSTRUCTION COMPANY and LOREN SCOTT, Defendants-Appellants.

(No. 55152;

First District—August 17, 1972.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, (Donald J. Duffy, of counsel,) for appellant Loren Scott.

Ratner, Miller, Levenson & Lyon, of Chicago, (George J. Miller, of counsel,) for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The defendants entered into a subcontract with Joseph W. O'Brien Co. and Thos. M. Madden Co., to do certain work on the Dan Ryan Expressway. The parties named in the contract were the O'Brien and Madden companies and "A partnership of the Highland Lake Construction Co., Inc., * * * and Loren Scott * * *." Equipment needed for the work was rented by the defendants from the plaintiff Hertz Equipment Rental Corporation. The rent was not paid and Hertz sued the defendants individually and as co-partners. In his answer Scott denied that the equipment was rented by him and asserted that any debt owed to Hertz was Highland Lake's responsibility, not his.

Scott's motion for a directed verdict, made at the close of all the evidence, was denied. The jury returned a verdict against both defendants and a judgment for $8,602.41 was entered in favor of the plaintiff by the Circuit Court of Cook County. Scott contends that the trial court erred in denying his motion for a directed verdict.

■■ A motion for a directed verdict should be granted only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the maker of the motion that no contrary verdict based on that evidence could ever stand. The substantive issue at the trial was whether Scott was the Highland Company's partner in the venture. A thorough study of the record discloses that the evidence was not overwhelmingly in favor of Scott on the partnership issue; to the contrary, it clearly preponderated against him.

The judgment is affirmed. See Sup. Ct. Rule 23.

Judgment affirmed.

McGLOON, P. J., and McNAMARA, J., concur.