JOSEPH W. O'BRIEN COMPANY *et al.*, Plaintiffs-Appellees, *v.* HIGHLAND LAKE CONSTRUCTION COMPANY *et al.*, Defendants-Appellants.

(No. 56173; )

First District—December 13, 1972.

*Rehearing denied January 10, 1973.*

DIERINGER, P. J., dissenting.

Kirkland and Ellis, of Chicago, (Donald J. Duffy, of counsel,) for appellants.

O'Keefe, Ashenden, O'Brien and Hanson, of Chicago, (James H. O'Brien, of counsel,) for appellees.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County granting the plaintiffs' motion for summary judgment.

The plaintiffs, Joseph W. O'Brien Company and Thomas M. Madden Co., formed a joint venture for the purpose of constructing a portion of the Dan Ryan Expressway in Chicago. In June, 1967, plaintiffs entered into a subcontract with the defendants, who are identified in the contract as "a partnership of the Highland Lake Construction Company, Inc., and Mr. Loren Scott", by the terms of which the defendants undertook a portion of the construction.

In June, 1968, plaintiffs filed a complaint in the Circuit Court of Cook County in which it was alleged that they had entered into a written subcontract agreement with the defendants Highland Lake Construction Company (hereinafter referred to as Highland Lake) and Loren Scott as joint venturers and that at the defendants' request they had advanced funds which were to be used by the defendants in meeting payroll and other miscellaneous expenses and were to be repaid out of the proceeds of the subcontract. It was further alleged that plaintiffs advanced a total of $41,397.69 in this manner and that $23,527.26 was repaid by the defendants, leaving a balance due of $17,870.43. This complaint was later amended to add a second count seeking damages for the defendants' breach of the subcontract. This count is still pending in the Circuit Court of Cook County.

Neither defendant filed an appearance or answered the complaint, and on August 8, 1968, both were adjudged in default. On September 23, 1968, the defendant, Loren Scott, moved to vacate the default and for leave to file an appearance, answer and jury demand instanter. This motion was granted. In his answer, Scott denied that he and Highland Lake were partners in a joint venture; that he, as such, had entered into a subcontract; that he had any employees in his service on the job and that he had requested that plaintiffs advance funds. He also denied that any funds had been advanced to him and that anything was due and owing to plaintiffs.

In response to a request for admissions filed by the plaintiffs pursuant to Supreme Court Rule 216(a), Scott denied that he and Highland Lake were partners and stated that he had furnished certain construction equipment to Highland Lake in return for which he was to share in the profits of the company. He admitted that he and Highland Lake had formed a joint venture, and as joint venturers had entered into the sub-

contract with the plaintiffs. He denied, however, that he had any employees engaged in his service, that he incurred any payroll expenses and that the plaintiffs made any advances to him. He further denied that he agreed to repay any of the funds allegedly advanced by the plaintiffs for wages, but admitted the payment to plaintiffs of $15,000 of his own funds as repayment of such advances. He admitted that he had not paid the plaintiffs the sum of $17,870.43, but denied owing them any money at all.

An affidavit by Joseph W. O'Brien, President of his company, was filed in support of plaintiffs' motion for summary judgment. Attached to the affidavit was a detailed account of the amounts billed to defendants which totalled $41,397.69. The account showed payments received of $23,527.26 and a balance due of $17,870.43. In the affidavit, O'Brien stated that he was familiar with the account and that the balance had not been paid.

On March 1, 1971, a summary judgment was entered against Scott and Highland Lake, in the sum of $17,870.43, as sought under Count I of the complaint. On March 8, an appearance was filed by new counsel for Scott, and on March 12, a motion to vacate the judgment and dismiss the action and for leave to file a supplemental affidavit in opposition to the motion for summary judgment was filed in Scott's behalf. It was alleged in the motion that the court misconstrued the relationship of the parties and their respective duties under the subcontract by failing to consider all of the pleadings, especially the answer to the plaintiffs' request for admissions, which set out Scott's lack of participation in the contract.

The supplemental affidavit set forth that Scott had not signed the subcontract as a joint venture with Highland Lake, but as an accommodation to Highland Lake so that it could get the subcontract, and that all parties, including the plaintiffs, were aware of this. It reiterated that Scott did not engage in any part of the construction work except to rent certain equipment to Highland Lake, that he had no employees in his service and had incurred no payroll expense and that he neither requested nor promised to repay any advances from the plaintiffs. Also set forth was an averment by Scott that Highland Lake had not been paid for a portion of the subcontract work and that the sum owed to Highland Lake by the plaintiffs exceeded the amount of the advance allegedly still unpaid.

On April 16, 1971, an order was entered denying the motion to vacate the summary judgment and to dismiss the complaint. The order further stated that "there is no just reason to delay the enforcement of or appeal from this order." The sole issue on appeal is whether the trial court erred in granting the motion for summary judgment.

■■ The purpose of a motion for summary judgment is to determine

whether there is a genuine issue as to any material fact. (*Kobus v. The Formfit Co.*, 35 Ill.2d 533; *McVey v. Discher*, 122 Ill.App.2d 408.) The motion will be granted if it appears from the pleadings and admissions on file, together with the affidavits filed in support and opposition to the motion, that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1971, ch. 110, par. 57(3); *Saghin v. Romash*, 122 Ill.App.2d 473.) Thus the inquiry of this court is whether the pleadings considered by the trial court discloses a genuine issue as to any material fact, and if they do not, whether the plaintiffs are entitled to judgment as a matter of law. In his brief appellant directs our attention to several issues of fact raised by the pleadings. In our view these are not material.

■■ The controlling fact in this case is the capacity in which Scott entered into the subcontract. It was alleged in paragraphs 3 and 4 of the complaint that he and Highland Lake were partners in a joint venture and that they signed the subcontract as joint venturers. This was denied by Scott in paragraphs 3 and 4 of his answer. Mere denials of fact in pleadings, however, do not create a genuine issue which will preclude the entry of a summary judgment. (*Schoen v. Caterpillar Tractor Co.*, 103 Ill.App.2d 197; *Giampa v. Sunbeam Corp.*, 68 Ill.App.2d 425.) In paragraph 2 of his answer to the plaintiffs' request for admissions Scott admitted "the allegations contained in Paragraph 2, 3 and 4 of the Request for Admissions of Facts". By so doing, he admitted that he formed a joint venture with Highland Lake for the purpose of entering into a subcontract with the plaintiffs and that he and Highland Lake as joint venturers entered into such a subcontract. In his supplemental affidavit in opposition to the motion for summary judgment Scott stated in several places that the subcontract which he signed is that "attached to plaintiffs' Complaint as Exhibit A". His signature appears on this document along with that of Herman Machleit, President of Highland Lake, as a signatory for "A Partnership of the Highland Lake Construction Company, Inc., * * * and Mr. Loren Scott * * *."

In his supplemental affidavit, Scott also averred that he signed the subcontract as an accommodation to Highland Lake and not with the intent that he would perform any of the work under the contract. It set forth that he had agreed to rent equipment to Highland Lake, that he had assisted it in obtaining financing by signing as surety on a note and that he signed the subcontract at the request of Herman Machleit in order to enable Highland Lake to get the subcontract. All of these events occurred prior to the signing of the subcontract, and in view of the clear language of the contract as to the capacity in which Scott

signed, cannot be considered. (See *Martindell v. Lake Shore National Bank*, 15 Ill.2d 272; *Clark v. Mallory*, 185 Ill. 227.) Indeed, Scott does not contend that the language of the subcontract is ambiguous or susceptible to more than one meaning. In view of the foregoing we conclude that there is no genuine issue as to the fact that Scott and Highland Lake entered into the subcontract as joint venturers.

■■ It is a well established principle of law that each member of a joint venture, like a partner, is liable to third persons for the acts of any other member within the scope of the joint venture agreement. (*Jenks v. Harris*, 228 Ill.App. 219.) If money is borrowed to carry on the business of a joint venture, all members thereof are liable for its repayment. (*Slater v. George M. Clark & Co.*, 68 Ill.App. 433.) In the present case it was apparent at the time both Scott and Highland Lake executed the subcontract that their performance under the contract would necessitate the hiring of employees. In fact, Article 2 of the contract is specifically concerned with the subject of personnel employed by the subcontractor, the manner in which such personnel are to be paid and the type of payroll records to be maintained by the subcontractor. It follows therefore that Scott and Highland Lake are both liable for the payroll advances made by the plaintiffs, and we regard it as immaterial that Scott may not have personally engaged the services of employees, incurred payroll expenses, requested the advances from the plaintiffs and become obligated for their repayment. It was undisputed that Highland Lake did these things, and this was sufficient to establish liability in Scott. In addition, Scott admitted in paragraph 10 of his answer to the request for admissions that "he paid $15,000 of his own funds for advances made by O'Brien and Madden, as set forth in Paragraph 10 in the Request for Admission of Facts." With this in mind, we hold that the trial court was correct in rendering summary judgment for the plaintiffs on the question of liability.

With respect to the question of damages, Thomas W. O'Brien included in his affidavit in support of the motion for summary judgment a detailed statement of the account with the defendants. This statement showed total advances of $41,397.69, total repayments of $23,527.26, which included $15,000 from Loren Scott, and a balance due of $17,-870.43 and was not disputed by Scott, who stated in his answer to plaintiffs' request for admissions that he did not have sufficient knowledge to form an opinion as to its truth or falsity. In paragraph 12 of his supplemental affidavit Scott stated that he had been informed that Highland Lake had billed the plaintiffs $45,562.50 for performance of the subcontract and were paid $27,000, leaving a balance due of $21,562.50

[sic], which was more than the balance of the payroll advances being claimed by the plaintiffs. Appellants contend that this raised a genuine issue as to the amount of the plaintiffs' damages.

■■■ To raise an issue sufficient to preclude summary judgment, an affidavit must show on its face that the affiant, if called as a witness, could properly testify to the matters set forth in the affidavit. (*In re Estate of Boysen*, 73 Ill.App.2d 197; Ill. Rev. Stat. 1971, ch. 110A, par. 191.) Affidavits based upon information and belief are insufficient to oppose a motion for summary judgment. (*La Sanska v. University of Chicago*, 129 Ill.App.2d 157.) Therefore Scott's averment with respect to the sum he stated he believes to be owed Highland Lake by the plaintiffs was replete with conclusions and insufficient to put in issue the measure of the plaintiffs' damages, which were established by O'Brien's affidavit. We hold, therefore, that the trial court was correct in granting judgment to plaintiffs.

The judgment is affirmed.

ADESKO, J., concurs.

Mr. PRESIDING JUSTICE DIERINGER dissenting:

I respectfully dissent from the majority opinion on the question of damages. I agree that Scott is liable as a partner.

In a petition filed by Scott in this case, he mentions the case of *Hertz Equipment Rental Corp. v. Highland Lake Construction Co., et al.*, then pending in the Circuit Court of Cook County. In a recent opinion in the Appellate Court for this District, Third Division, decided August 17, 1972, 7 Ill.App.3d 184, 287 N.E.2d 330, that case was decided, the court affirming a jury verdict of the Circuit Court finding Scott and Highland to be partners in the Dan Ryan Expressway venture. I think that opinion reinforces the position of the plaintiffs in the case before us and Scott is liable as a partner.

On the question of damages, I think where Scott is a partner and liable, he is also entitled to claim the assets and credits of the partnership. In his affidavit in opposition to the summary judgment as to damages he says, in paragraph 12, that Highland had billed the plaintiffs $45,562.20 for performance of the subcontract and was paid $27,000, leaving a balance due of $21,562.50 [sic], which was more than the payroll advances being claimed by the plaintiffs. I believe, if this allegation is true, the partner, Scott, was entitled to the setoff due the partnership and no money is due plaintiffs.

The majority opinion says because Scott states in his affidavit he has been "informed" plaintiffs owe the aforesaid money, that is not sufficient

to allow him to testify, and the affidavit is insufficient. I disagree. A partner has to be informed of the condition of the books and records of the company by either his bookkeeper or accountant and certainly can testify from those books and records when called as a witness. The word "inform" is defined in the American College Dictionary as "to impart knowledge of a fact or circumstance," also "to supply oneself with knowledge of a matter or subject." Therefore, when Scott says he is "informed" he states he has knowledge of the fact. Furthermore, plaintiffs did not dispute this statement nor contradict it in any way, and it stands admitted. A defense of payment on a debt is a good defense, and it is elementary that a setoff is a payment. In my opinion an issue of fact has been raised as to the damages, and Scott is entitled to a hearing on that question.

I would reverse the summary judgment as to the damage portion and hold a hearing thereon.