### Louesa H. Palmer v. A. Franklin Bennett.

1.  CONTRACTS—*Not Under Seal May be Varied by Parol.*—A written memorandum not under seal can be set aside or changed as the parties see fit by a subsequent oral agreement.

2.  INTEREST—*When Not to be Allowed for Unreasonable and Vexatious Delays.*—In an action for unliquidated damages occasioned by a failure to convey property in accordance with an agreement it is erroneous to instruct the jury to allow interest as for unreasonable and vexatious delay in payment.

**Assumpsit.**—Appeal from the Circuit Court of Boone County; the Hon. CHARLES E. FULLER, Judge, presiding. Heard in this court at the April term, 1901. Reversed and remanded. Opinion filed July 12, 1901.

**Statement.**—Appellant is a lady of advanced age. For a number of years she resided in Winnebago county. In the year 1890 she and her family took up a residence in Chicago.

In 1890, and for some years prior thereto, appellee owned and resided on a farm in Boone county. Appellant bought his note for $3,000, secured by mortgage on his farm. Afterward this mortgage was taken up and a new one made to appellee which included substantially all indebtedness between the parties. On April 1, 1890, appellee was indebted to appellant in the sum of about $7,000.

Appellant claims that appellee told her that his farm in Boone county, upon which appellant held the mortgage,

was worth $10,000, and that she could easily negotiate a mortgage thereon for at least $6,000, and this would enable her to meet her obligations; that he would convey said farm to her upon her surrendering to him her evidence of indebtedness against him and that he would take her Winnebago county farm for $6,000 and mortgage it back to her for the difference in the debt; he would then owe her less money, and appellant would be entirely free from embarrassment in raising the amount she required; that relying on these representations as to value, and upon his statement that she could secure $6,000 by mortgage on the Boone county farm, she made the following agreement:

" A. F. Bennett and I have made a contract I take hie farm at $10,000 he takes up his note as mountain to $6,843.67 and he takes our Roscoe farm at $6,000 I give him a warantte deed and he gives me a mortgag on the farm 2,843 67, the difference in the dept.

Belvidere, Apr. 2nd, 1890.

Louesa H. Palmer."

And accepted a conveyance by appellee of his farm for the express purpose of getting her pay from appellee, and also that she might thus procure $6,000. In pursuance of this arrangement, she went to Rockford to negotiate a loan on the Boone county farm. The loan agent with whom she consulted informed her that he would loan her but $3,000 on the farm.

Appellant says that as this would not relieve her pressing necessities, she saw appellee and told him what the loan agent had said, and then again insisted that she must have $6,000.

Nothing was done by way of settlement until 1891 or 1892, when appellee called upon appellant at her home, going there, as he states, for the purpose of making a settlement as to the matters between them. At this meeting appellant claims that it was then agreed, by way of compromise and settlement, that appellant should sell the Boone county farm, and get the most for it that she could, and after deducting from the proceeds the amount of appellee's debt to her, pay the surplus, if any, to him.

Palmer v. Bennett.

The making of this agreement is denied by appellee, but the substance of it is sworn to positively by appellant, Alice A. Palmer and Louise P. Welles.   In pursuance of this new agreement, the undisputed testimony is that appellant did sell the Boone county farm, and that she was unable to obtain more than $6,000 therefor.

Upon the trial of this cause a verdict was rendered in favor of appellee for $4,522.78; judgment was rendered on the verdict, from which judgment this appeal is prosecuted.

ROBERT W. WRIGHT, attorney for appellant; GEORGE W. WILBUR, of counsel.

WILLIAM L. PIERCE and W. C. KELLUM, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The court instructed the jury to disregard any and all testimony that had been admitted on the trial in so far as such testimony tended to alter or vary the terms of the written agreement admitted in evidence.   Such instruction should not have been given.   There was the positive testimony of three witnesses that a subsequent agreement had been made by which the contract described in the written momorandum was materially changed.   The written memorandum was not under seal and could be set aside or changed as the parties saw fit by a subsequent oral arrangement.

Nor should the jury have been instructed that appellee was entitled to interest upon whatever sum might be found due to him under the contract referred to in the written memorandum.   The action of appellee was for unliquidated damages occasioned by a failure to convey certain premises to him in accordance with what he claimed was the agreement of appellee, evidenced by the written memorandum by her signed—being that set forth in the statement of facts preceding this opinion, upon which memorandum the action in this case was brought.   The damages were unascertained and there could not be an unreasonable and vexatious delay of payment.

The statute of limitations had not run at the beginning of this suit upon the action of appellee, it being based upon written evidence of contract. The burden of showing that a new arrangement had been made was upon appellant, and the jury might properly have been so instructed.

The judgment of the Circuit Court is reversed and the cause remanded.