## A. Franklin Bennett v. Louisa H. Palmer.

### Gen. No. 4,570.

1. PERFORMANCE—*when party cannot complain of failure to make.* A party cannot complain of the failure of the other party to the contract to make performance thereof where the party seeking to complain has prevented the other party from making performance.

2. PAROL EVIDENCE—*when competent to explain written instrument.* Where a written instrument contains a reference to a subject-matter which can only be identified by extraneous evidence, parol evidence is competent to make such identification certain.

3. INTEREST—*right to, where contract contains no stipulation.* Where a contract provides for the payment of money in the future but does not provide for the payment of interest, no interest can be charged until demand, but after demand the right of interest accrues at the legal rate.

4. STATUTE OF LIMITATIONS—*when five-year provision has no application.* Where a contract providing for the payment of money is signed by the party obligated to pay the same, but not by the other party, the five-year limitation has no application, but the ten-year provision governs such contract, where it appears that the party to whom such money is due has fully performed so far as it was within his power to perform.

Action of assumpsit. Error to the Circuit Court of Boone county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the April term, 1906. Reversed and remanded. Opinion filed October 16, 1906.

WILLIAM L. PIERCE and W. C. KELLUM, for plaintiff in error.

R. K. WELSH, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This cause was before this court in Palmer v. Bennett, 96 Ill. App. 281, where a judgment for the plaintiff, A. Franklin Bennett, was reversed, and the cause was remanded for a new trial. The statement and

opinion then filed show the case as then presented. Just before a second trial was had plaintiff, by leave of court, supplied, *nunc pro tunc,* a lost order relating to the pleadings, which order it seems had never been entered of record and had been lost from the files. By this order a demurrer was sustained to defendant's special plea alleging fraud by plaintiff in securing the written contract from defendant involved in this suit, and also to defendant's special plea alleging a subsequent abandonment of the contract sued upon and the making of another and different contract between the parties. Said *nunc pro tunc* order further shows that plaintiff withdrew the first three counts of his declaration, and filed an additional count, and that the pleadings then stood as follows: the original declaration, except the first three counts; the additional count; a plea of the general issue verified; a plea of the five years' Statute of Limitations, and a plea of the Statute of Frauds, with oral replications considered as duly filed, and all issues thereon considered as duly joined. This order is not now in any way questioned, and it is therefore clear that much of the matter stated and discussed in our former opinion is not involved in the present record. At the second trial the signature of defendant to the contract, and the failure and refusal of defendant to deed the Roscoe farm to plaintiff, and the offer of plaintiff to give defendant a mortgage thereon as required by the contract, were proved by plaintiff, together with other facts not necessary to be now stated; so that the proof made a *prima facie* case for plaintiff, unless the contract was void under the Statute of Frauds, or unless the proof did not meet the plea of the Statute of Limitations. When plaintiff offered the contract in evidence defendant objected thereto, that it was not a sufficient memorandum under the Statute of Frauds, and that it was not a sufficient contract to take it out of the five years' Statute of Limitations. These objections

were sustained, and plaintiff excepted. At the close of plaintiff's proofs, the court excluded all the evidence and directed a verdict for defendant, to which action plaintiff excepted. Motions by plaintiff for a new trial and in arrest of judgment were denied, and defendant had judgment. Plaintiff has sued out this writ of error to bring the record before this court for review.

The instrument in question is given as follows in the bill of exceptions now before us:

"A. F. Bennett and I have made a contract. I take hie his farm at $10,000. He takes up his note a mountain to 6843.67 and he takes our Roscoe farm at 6000 I give him a Warentte Deed and he gives me a mortgag on the farm 2843.67 the difference in the debt.

Belvidere Apr. 2nd 1890.

LOUISA H. PALMER."

It will be seen that this instrument is dated April 2, 1890. The record of a deed from plaintiff and his wife to defendant conveying to her plaintiff's farm in Boone county for an expressed consideration of $10,000, was introduced in evidence. It was dated and recorded on April 1, 1890, and plaintiff testified that he delivered possession of the land to her on the same day. Defendant is a relative of plaintiff's wife. She lived in Chicago, and plaintiff lived in Belvidere, the county seat of Boone county. Defendant came to plaintiff's house on April 1st and left it for Rockford on the morning of April 2nd, saying she had to go there to get a description of the Roscoe farm, as she did not have her deed with her. The instrument sued on may not have been written and signed till the morning of April 2nd, but it is clear that the deed and this contract were all parts of one transaction. The words, "his farm" in the contract, therefore referred to the farm described in the deed. Plaintiff's proof, with matter brought out on cross-examination, shows that the words "his note a mountain to 6843.67" referred to a note which plaintiff owed to defendant and which was

secured by a mortgage on the farm plaintiff so sold and conveyed to defendant. By subtracting $6,843.67 from $10,000, we find that the transfer of the farm to defendant canceled the debt he owed her, and left her owing him $3,156.33. This amount is ascertained by a mere computation, and is just as truly expressed in the writing as it would have been if it had been stated in so many words. This contract means that defendant thereby promised to pay plaintiff $10,000 for the farm he had so deeded and delivered to her, and that she was to surrender plaintiff's note and thereby extinguish $6,843.67 of that debt. The rest of the debt she has never paid. By the writing she agreed to convey to him her Roscoe farm at the price of $6,000 in extinguishment of her debt to him. By subtracting the debt she owed him for his farm, $3,156.33, from the agreed price of her farm, $6,000, we find that if she had made that conveyance as she agreed he would then have been made her debtor in the sum of $2,843.67, and the writing shows that the parties correctly figured it, and that upon her conveying the Roscoe farm to plaintiff he was to give her a mortgage for that difference of $2,843.67. But on the return of the defendant from Rockford to plaintiff's home in Belvidere, from two to four days later, she told plaintiff that she would have been unable to borrow on the farm he had conveyed to her as large a sum as she needed for the purchase of a home in Chicago, and so she had mortgaged both farms, and had mortgaged the Roscoe farm for $3,000 and that she could not deed it to him. She afterwards sold and conveyed both farms to other parties. Plaintiff proved he had always been ready, willing and able to give her a mortgage upon the Roscoe farm for the sum named, upon her giving him power to do so by conveying the title to him.

It is manifest that under the pleadings and proofs now before us, this judgment does plaintiff a great injustice, and that it ought not to stand, unless the rules

of law compel such a conclusion. Defendant's counsel asserts that facts exist which would put a different complexion upon the case, and he states them in his brief. We are only concerned with the record now before us, and no such facts are pleaded or proved. Upon this record the facts are that plaintiff, now seventy years of age, conveyed his farm to defendant over sixteen years ago, and she promised in writing to pay him a certain sum therefor, and that a very large balance still remains unpaid, and technical rules of law are the only defenses interposed. Plaintiff did not sign the contract. But he did sign and deliver the contemporaneous deed and delivered possession of the land therein conveyed, and he thereby fully performed all that he could then perform. He offered to execute a mortgage on the Roscoe farm, but he could not do so till defendant clothed him with the title. This she failed to do, and put it out of her power to do, both by mortgaging it and by conveying it to another. By her own failure and by her own act she prevented further performance by plaintiff. She should not be heard to complain that plaintiff did not perform or did not in writing bind himself to perform that which she prevented him from performing. We are disposed to hold, that as defendant prevented the performance of that part of the contract relating to the Roscoe farm and immediately after this contract was made put it out of her power to perform, we may properly treat that part of the contract as unimportant in this case, even if it is as defective as defendant now claims. It will be remembered that defendant is not seeking to enforce this contract against plaintiff, who did not sign it, but that plaintiff, who performed all that he could perform, and all that defendant would permit him to perform, is seeking to enforce it against defendant, who did sign it and who received the agreed consideration for signing it. Plaintiff is only asking that she pay what she agreed in writing to pay for the

farm which he conveyed to her. If we disregard the part of the contract relating to the Roscoe farm, then plaintiff is entitled to recover the unpaid portion of the price defendant agreed to pay him for his farm.

But is the rest of the contract void under the Statute of Frauds? The words, "our Roscoe farm" were fully explained by showing that defendant had a farm near the village of Roscoe in Winnebago county, which she called the Roscoe farm, and which plaintiff's daughter then occupied as defendant's tenant, and that defendant had no other farm which she designated by that name. Such proof was competent. Cossitt v. Hobbs, 56 Ill. 231. Plaintiff did not sign, and therefore did not bind himself in writing to give defendant a mortgage on the Roscoe farm for $2,843.67, but he offered to do so, and his offer was not accepted by defendant, but she put it out of his power to perform that provision. She is not seeking to compel him to give such a mortgage, and as she has conveyed the farm to another, she is not in a position to ask him to perform or to accept such a mortgage from him.

It is argued that in the contract there is no time specified when such mortgage debt should mature, and no rate of interest stated, and that the terms of the mortgage are not set forth, and that therefore the contract is incomplete and must have rested partly in parol. Let us suppose that nothing had been said in the contract about a mortgage, but that the last part of the contract had read "and he gives me 2843.67 the difference in the debt." Payment would then have been due on demand. So we conclude this contract called for a mortgage on the Roscoe farm securing payment of $2,843.67 to defendant on demand. No rate of interest having been specified, that sum would bear no interest till demand, and after demand it would bear the statutory rate without reference thereto in the mortgage. As the contract did not require special provisions in the mortgage, a simple instru-

ment conveying the land as security for that part of the purchase money would have satisfied the contract. We, therefore, hold that the contract is not void under the Statute of Frauds.

As we hold this to be a suit against defendant upon a written contract signed by her, to recover the unpaid portion of the price she therein agreed to pay for the plaintiff's farm, which he conveyed to her, the five years' Statute of Limitations has no application, as held in our former opinion.

We recede from our statement in our former opinion that the damages sought to be recovered were unliquidated and therefore plaintiff was not entitled to interest. A mere computation determines the amount of the damages, and therefore they were liquidated. From the date when plaintiff demanded performance and defendant refused to perform, after having put it out of her power to perform, she became liable to interest at the statutory rate.

The judgment is, therefore, reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*