Vulcan Corporation, Appellant, v. Cobden Machine
Works and George Ede, Appellees.

Term No. 4802.

Opinion filed January 17, 1949.
Modified opinion filed and rehearing denied February 23, 1949. Released for publication March 21, 1949.

PAUL D. REESE, of Jonesboro, for appellant.

R. WALLACE KARRAKER, of Jonesboro, for appellees.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

Plaintiff is an Ohio corporation authorized to do business in Illinois. It had purchased a site from the Chamber of Commerce of Anna, Illinois, and thereafter with the aid of said association built a factory thereon and operated it for several years. In the contract of sale from the Chamber of Commerce to plaintiff the price was made the subject of computation based upon the payroll of the plaintiff over a period of ten years, but otherwise the agreement was an ordinary contract to sell real estate, with the deed placed in escrow. The plaintiff had the right at any time during said ten years to pay the balance according to the formula specified. Upon payment of such balance the deed in escrow was to be delivered. There were no conditions or restrictions imposed upon the plaintiff as purchaser, except that if it desired "to close its operation of said factory," the balance according to the formula, thereupon became due and payable, and the deed would be deliverable.

The Cobden Machine Works, corporate defendant, is an Illinois corporation with its offices at Cobden. Defendant George Ede is its vice president, and by

virtue of the death of the president was, at the time of the transaction herein, the acting president.

In August 1943, the defendant corporation by its said vice president, purportedly entered into the agreement, hereinafter detailed, to purchase from plaintiff the said plant at Anna. Thereafter, a meeting between George Ede and the officers of the plaintiff occurred for the purpose of completing the sale according to contract, but the defendants through their attorney refused to complete the deal. At the time of the refusal, the plaintiff was advised that the defendants found it impossible to finance the transaction due to the fact that the bank had refused to make a loan.

After reasonable notice to the defendants, the plaintiff sold the property elsewhere for $18,000 (less certain charges) and brought this suit for the difference between the net amount and the amount it would have received under the contract with the defendants.

Both defendants contend the contract with plaintiff is unenforceable on the ground it does not sufficiently identify the property in writing, to comply with the statute of frauds. In addition, the corporate defendant answered, that George Ede had no authority to make the contract in question for the corporation, and also in somewhat equivocal terms denied that he had apparent authority. The defendant, George Ede, also answered that he was not individually bound on the contract. As to whether he was the authorized agent of the company, or was acting in the apparent scope of his authority, or entirely without authority, the answer was so vague, evasive and contradictory it is impossible to determine what position he was taking. However, the court refused to strike the answer and the cause proceeded to trial before a jury and resulted in a finding in favor of both defendants.

The evidence disclosed that George Ede, his mother and brother were the sole stockholders of the defendant corporation. The mother, who had been president,

died in July of 1943 before the transaction. The brother was designated secretary-treasurer, but had gone into the army in 1941 and thereafter performed no executive duties for the corporation.

George Ede was the only active officer of the defendant company. There had been no meeting of stockholders or directors since 1940 and no records kept of corporate proceedings. He had intended to organize a new board of directors, but in August 1943, he was still the only active director.

Sometime during the summer of 1943, while George Ede was performing some services for the plaintiff company, he became interested in the purchase of its Anna plant, and made inquiry of Mr. Westerfield, an agent of the owner. Negotiations followed, and Mr. Westerfield gave George Ede a memorandum of the price the company would take. Based upon this memorandum the defendant, George Ede, on August 5, 1943, prepared and handed to Mr. Westerfield a communication signed ''Cobden Machine Works, Inc. George B. Ede. George B. Ede, Vice President.'' This communication reads in part as follows: ''We propose to purchase the Anna plant of your corporation as discussed with Mr. Westerfield today for the sum of $20,000.00 cash and agree to assume the obligations of the Vulcan Corporation to the city of Anna, approximately thirty five hundred ($3,500) dollars or the amount that is due the city of Anna at the time the proposed transaction is completed.'' The remainder of the communication which was addressed to Vulcan Corporation is not important to the issues except that the proposal was required to be accepted or rejected within ten days from date. Plaintiff replied by wire on August 7, 1943, addressing Cobden Machine Works, Inc., attention Mr. George B. Ede, Vice-President, Cobden, Illinois: ''Vulcan Corporation accepts your proposition of purchase of Anna property contained

in your letter dated August 5.'' Signed, Vulcan Corporation by R. A. Westerfield, Vice-President.

■ Upon the question of the sufficiency of the description under the statute of frauds, the complaint alleged and the proof showed that the plaintiff corporation owned only one plant in Anna, Illinois, which was the plant where George Ede had first approached Mr. Westerfield concerning the purchase of the property. Under these conditions the description "the Anna plant of your corporation" is a sufficient compliance with the statute of frauds. *Adams v. Pendarvis,* 217 Ill. App. 535; *Bennett v. Palmer,* 128 Ill. App. 626; *Ullsperger v. Meyer,* 217 Ill. 262; *In re Estate of Frayser,* 401 Ill. 364, 82 N. E. (2d) 633.

■ The principle announced in these and many other cases is simply that parol evidence is competent to explain a description which thereby becomes certain and clear, since that is certain which can be made certain.

■ The contract being valid and complete on its face, it is no defense to assert that the vendee was unable to complete the agreement because of financial difficulties. *Stow v. Russell,* 36 Ill. 18; *Deibler v. Bernard Bros., Inc.,* 385 Ill. 610.

■ Some question was raised by the defense concerning the tender of a deed or deeds from the plaintiff. This question became immaterial, for there was no evidence whatever to dispute the readiness and willingness of the plaintiff to perform, and when the defendants flatly declined to go through with the deal, the tender of a deed became unnecessary. *Lang v. Hedenberg,* 277 Ill. 368; *Lyman v. Gedney,* 114 Ill. 388.

■ ■ The fact that plaintiff's title rested upon a contract and deed in escrow is also immaterial. The escrow agent would have become personally liable if it had refused to deliver the deed upon payment of the balance due according to the escrow agreement.

Therefore, the right of the plaintiff to complete the transaction was beyond question. The defendant sought to show that the Anna Chamber of Commerce had indicated an unwillingness to accept the defendant corporation as the owner of the property. This prejudicial evidence was inadmissible, since the Chamber of Commerce had nothing to say about disposition of the property; its contract of sale to the plaintiff contained no reservation in that regard. The contract itself was assignable. *Moore v. Gariglietti*, 228 Ill. 143; *Davidson v. Dingeldine*, 295 Ill. 367.

Unfortunately, after admitting this improper evidence, together with many other facts and circumstances having no bearing upon the proper issues, the court upon the request of defendants gave an instruction to the jury which in effect authorized the jury to construe, and determine the legal effect, of the contract between plaintiff and the Chamber of Commerce. This was obviously error. *Kraft-Phenix Cheese Corp. v. H. B. Smith Machine Co.*, 267 Ill. App. 539.

The only question remaining in this cause, at the close of the evidence, was whether or not the defendant corporation was bound by the contract signed by its vice president. If the contract was within his authority or within the apparent scope of his authority, the corporation was bound. If not, then George Ede was personally liable.

As a general rule a party dealing with the president of a corporation is entitled to assume that he has authority to make contracts for the corporation which are within the scope of its corporate powers and which do not violate any statute or rule of public policy. *Geo. E. Lloyd & Co. v. Matthews*, 223 Ill. 477; *Quigley v. W. N. Macqueen & Co.*, 321 Ill. 124.

As a business corporation, organized in Illinois, the defendant company had all the general powers set forth in the Business Corporation Act, ch. 32, Ill. Rev. Stat. par. 157.5 [Jones Ill. Stats. Ann.

32.005], including the right to acquire business sites anywhere in the State; not merely at the place of its principal office, as defendant seems to have urged upon the court and jury.

Upon the question of the actual authority of George Ede, it may be deduced from his own testimony that he had complete charge of the defendant corporation, and was able to do anything he wished with its business, so long as it was bona fide and not ultra vires. On the other hand, his testimony is somewhat equivocal, in that it may be inferred he was debating with himself whether to complete the contract of purchase for the corporation or to take it over for his personal use. It appears the plaintiff had knowledge of this.

█ █ Under the evidence before us, this court will not undertake to decide the ultimate question of fact whether George Ede had (1) actual authority to execute the agreement, or (2) apparent authority sufficient to bind the company under well-known rules of agency. Since the case must be retried, we express no opinion upon the weight of the evidence. However, if it be concluded that the corporation was not bound under the contract, then it would become obligatory under this evidence to hold the defendant, George Ede, personally liable. The liability of an agent of a corporation purporting to act for it is no different from that of any other agent, and the rule is:

"An unauthorized agent purporting to enter into a contract for a principal is personally liable to the other contracting party." 3 C. J. S., Agency, sec. 208.

█ This has always been the rule of law in Illinois and is based upon the principle that where an agent executes a contract on behalf of a principal, the law *implies a warranty* on his part that he has authority to do that which he assumes to do, and, therefore, if he acts without authority or in excess of his authority he is personally liable. *Seeberger v. McCormick,* 178 Ill. 404; *Frankland v. Johnson,* 147 Ill. 520.

■ Since one defendant or the other should have been held liable, the jury returned an impossible verdict in finding for both defendants, and it was error to permit the verdict to stand, and the judgment thereon must be reversed.

■ Other errors require mention. The answer of the defendant corporation included numerous allegations having no relevancy to the proper issues in the case, such as statements about its capital, its current finances, the sufficiency of its existing plant, its corporate purposes, etc. Plaintiff's motion to strike was denied *in toto*. While surplusage in a pleading may not always be prejudicial, it was error to permit these allegations to stand, for it necessarily resulted in the introduction of improper evidence, which could only serve to divert the jury's attention from the real issue.

■ The answer of defendant, George Ede, was even more indefinite. He first denies that he purported to act for the corporation, and denies that plaintiff relied upon his representations of authority, then adds a paragraph stating in substance that plaintiff knew he was so acting. He does not directly state that he did purport to act as agent, but only that plaintiff knew it. This paragraph was both evasive, and contradictory by inference of the remainder of the answer. Refusal to strike this paragraph upon motion of plaintiff was error.

■ The cause is reversed and remanded, with directions that the trial court proceed in accordance with the views herein expressed. Costs herein taxed against appellees.

*Reversed and remanded.*

CULBERTSON, P. J., and BARDENS, J., concur.