PEOPLES BANK OF BLOOMINGTON, Plaintiff-Appellee, *v.* D. J. HERMAN *et al.*, Defendants-Appellants.

(No. 12725;

Fourth District—July 31, 1975.

Gale W. Saint, of Bloomington, for appellants.

John P. Schwulst, of Bloomington, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Plaintiff Peoples Bank of Bloomington brought action in the Circuit

Court of McLean County to recover under a guaranty of a retail installment sales contract which had been assigned to it. After a bench trial, judgment in the total sum of $5419.54 was awarded plaintiff against defendants D. J. Herman and Bible Truth Crusade, Inc. A motion by defendant Bible Truth Crusade, Inc., to file a counterclaim was denied. D. J. Herman appeals from the judgment against him. Bible Truth Crusade, Inc., appeals only from the denial of its motion to file a counterclaim.

The contract was for the sale of a mobile home. The sales document designated "Highway Sales" as the seller and the guaranty agreement was signed by "Highway Sales by D. J. Herman, Pres." Bible Truth Crusade, Inc., was a licensed not-for-profit corporation. Its name did not appear on the sales contract or the guaranty. Highway Sales was not incorporated. After the purchasers took possession, the mobile home was destroyed by fire and the purchasers defaulted.

One count of the complaint alleged that Herman was actually acting as an agent for defendant Bible Truth Crusade, Inc., in signing the guaranty. By another count the issue was raised as to whether Herman was acting on behalf of an undisclosed principal and was thus liable himself. *Mawer-Gulden-Annis, Inc. v. Brazilian & Colombian Coffee Co.*, 49 Ill.App.2d 400, 199 N.E.2d 222.

Defendant Herman does not dispute the sufficiency of the evidence to support a finding against Bible Truth Crusade and in fact stated that he was acting as their president in signing the guaranty. He contends that such a finding is factually inconsistent with a finding of his own liability and, therefore, reversible error, citing *Vulcan Corp. v. Cobden Machine Works*, 336 Ill.App. 394, 84 N.E.2d 173. We see no inconsistency in a finding that Herman was, as he admits, actually representing Bible Crusade, Inc., and a finding that he did not disclose his agency. Such disclosure was not made when he signed "Highway Sales by D. J. Herman, Pres." The disputed factual issue was whether plaintiff through its agents, knew that Herman was acting as agent for Bible Truth Crusade, Inc.

During examination by defendant under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 60) the agent of plaintiff who handled the transaction in question stated that he had dealings with Herman for 3 years prior to the matter in issue and that Herman had given him no financial statements for himself personally nor for Highway Sales but had given him several for Bible Trust Crusade. The witness said that Herman had never expressly told him that he, Herman, was president of Bible Truth Crusade, Inc. The witness then testified as follows:

"Question: When you received the financial statements from Bible Truth Crusade in response to a request by you for the financial statements with respect to Highway Sales, you testified that you did not follow up any more for financial statements. Did you know that Highway Sales was a name used by Bible Truth Crusade?

Answer: I felt it was, yes sir. It was part of it, owned and operated by Bible Truth Crusade.

Question: When you were dealing with D. J. Herman, did you ask for his personal financial statement?

Answer: No.

Question: In dealing with him on similar contracts did you believe that he was dealing in his personal capacity or as an officer of a corporation?

\* \* \*

Answer: I felt that Mr. Herman was the whole thing, as far as Bible Crusade, and Highway Nine. He ran the whole thing. That was obvious and I had been informed of that."

The court could have found that when defendant Herman signed the guaranty purporting to be president of Highway Sales, an entity that did not exist, the agent of the plaintiff thought that Herman was acting on his own behalf and that Highway Sales and Bible Truth Crusade were names by which Herman did business. The finding of the trial court hearing the case without a jury is to be set aside on review only if clearly wrong. *County Mutual Insurance Co. v. Murray*, 97 Ill.App.2d 61, 239 N.E.2d 498.

Defendant Bible Truth Crusade, Inc., concedes that the allowance of the filing of a counterclaim after the time for filing answer had expired is a matter within the discretion of the court. There was no abuse of that discretion here.

The judgment in favor of plaintiff and against defendant D. J. Herman and the order entered in favor of plaintiff and against defendant Bible Truth Crusade, Inc., denying that defendant leave to file a counterclaim are both affirmed.

Affirmed.

SIMKINS, P. J., and CRAVEN, J., concur.