Anthony Kozel

*v.*

George Dearlove *et al.*

*Filed at Ottawa, November 23, 1892.*

1. Statute of Frauds — *authority of agent to sell land —varying its terms.* If an agent, having written authority to sell lands of his principal, sells the same at a less price, or on different terms than he is authorized, he must have a new and further authority, which must also be in writing under the Statute of Frauds. A verbal consent of the principal for him to sell on other terms is invalid under the statute.

2. The owner of lots, in writing, authorized his agent to sell the same at certain prices and upon certain terms. The agent made a sale at a less price and on more favorable terms, and communicated that fact to the principal, who assented to the sale and verbally directed the agent to execute the contract, which he did. *Held,* that as the agent's authority to make such a contract was not in writing, the same was void and not enforcible.

Writ of Error to the Circuit Court of Cook county ; the Hon. L. C. Collins, Judge, presiding.

Messrs. Goldzier & Rodgers, for the appellant.

Chief Justice Bailey delivered the opinion of the Court :

This was a proceeding, by petition, under the provisions of chapter 29 of the Revised Statutes, entitled " Contracts," to compel George Manlove and Edwin D. Messinger, the executors of the last will and testament of Richard Manlove, deceased, to execute and deliver to the petitioner a deed conveying to him certain real estate, in performance of a contract for such conveyance entered into by Richard Manlove, in his lifetime. The contract thus sought to be enforced purports to have been executed by Asa W. Clark as agent for Richard Dearlove to Anthony Kozel, and appears to have been assigned, prior to the filing of the original petition, by Kozel to Frank C. Layer. The petition was accordingly filed by Layer, but the contract having

been subsequently reassigned by him to Kozel, the latter intervened and, by leave of the court, filed his supplemental petition, and the proceeding was thereafter prosecuted in his name.

It appears that on the 1st day of October, 1889, Richard Dearlove executed an instrument in writing, in which he placed certain prices on each of forty lots in Dearborn's addition, etc., in Cook county, and authorized Asa W. Clark to sell said lots at an advance of not less than sixteen per cent upon the prices thus fixed, one-third of the purchase money to be paid in cash, and the residue on or before the expiration of three years, with six per cent annual interest, " unless a less amount in cash or more favorable terms be agreed to by said Dearlove." On the 19th day of June, 1890, Clark executed a memorandum of the contract in question, by which he agreed to sell and convey to Kozel a portion of the lots at prices and upon terms which are conceded to have been more favorable to the purchaser than those fixed by the written authority given to Clark by Dearlove. The evidence tends to show that, before the memorandum of the contract was signed, Clark communicated the proposed terms to Dearlove, who was then sick, and that Dearlove assented to them, and orally instructed Clark to close the transaction on those terms.

The petition alleges the performance by the petitioner of the contract on his part, that is to say, by the payment of the cash required to be paid at the execution of the contract, and by being willing and ready to pay to the executors the installment payable by the terms of the contract upon the execution of the conveyance, and to secure the deferred payments in the manner in the contract provided, and by having tendered such performance to the executors. It is also alleged that Dearlove, by his will, devised the lots covered by the contract to George M. Dearlove, who was also one of his heirs at law. The petition made the executors, the devisee and the heirs of Dearlove parties defendant, and prayed for a decree compelling the executors to execute to the petitioner a good and sufficient war-

ranty deed conveying said lots to the petitioner, upon payment by him of the amount required by the contract to be paid upon the execution of the conveyance, and upon execution by him of the notes and mortgage for the deferred payments provided for by the contract.

The executors answered admitting the allegations of the petition, and alleging that the interests of the estate of the testator demand that the purchase of the premises in question should be completed at the earliest practicable date, and they therefore ask that the prayer of the petition be granted.

The devisee and certain of the heirs of Dearlove answered, denying that the petitioner has any interest, either legal or equitable, in the premises in the petition described, or that Dearlove, ever, by his agent duly authorized in writing, entered into a written contract for the conveyance of said premises to the petitioner upon the terms in the petition set forth. They also denied performance by the petitioner of the terms of the alleged contract as alleged in the petition.

The cause being heard on pleadings and proofs, a decree was entered finding that the petitioner was not entitled to the relief prayed for by the petition, and dismissing the petition, at the petitioner's costs, for want of equity. To reverse this decree, the petitioner now brings the record to this court by writ of error.

The only question presented by the record which we need consider is, whether Clark was authorized to sign the contract sought to be enforced, or a note or memorandum thereof, by any written instrument signed by Dearlove, as required by the second section of the Statute of Frauds. That he had competent written authority to sell the lots in question at certain specified prices and upon certain prescribed terms is not disputed. But the written instrument gave him no authority to sell at lower prices or upon different terms. No one, we presume, would claim that, if he had undertaken to do so without consulting his principal, his act would have had any legal

validity, or have been enforcible against the principal. The agent was just as powerless to make such sale as he would have been if no written authority had existed. To sell upon different terms required a new and further authority, and such new authority, to be valid under the Statute of Frauds, must itself have been in writing and signed by the principal.

It is of no avail to show that the modified terms were communicated to Dearlove and were assented to by him, and that he directed the execution of the contract on those terms. The authority thus given to the agent was not in writing, and so was not a compliance with the requirements of the statute. We think the petition was properly dismissed, and the decree will therefore be affirmed.

*Decree affirmed.*