## MOODY V. HOWE.

Under Civ. Code, § 1238, providing that an agreement for the sale of real property shall be invalid unless in writing and subscribed by the party to be charged or by his agent, a suit for the specific performance of a contract for the sale of real estate cannot be maintained without evidence of a written contract by defendant or his agent agreeing to convey the land to plaintiff.

(Opinion filed Dec. 29. 1903.)

Appeal from circuit court Potter county; Hon. LORING E. GAFFY, Judge.

Action by L. W. Moody against J. H. Howe. From a judgment in favor of plaintiff, defendant appeals. Reversed.

*Crawford & Taylor.* for appellant.

CORSON, J. This is an action to enforce the specific performance of a contract alleged to have been made by the defendant to convey two quarter sections of land in Potter county. Findings and judgment were in favor of the plaintiff, and the defendant appeals.

It is alleged in the complaint that in January, 1902, the defendant authorized one R. Jackson, in writing, to sell the southwest quarter of section 7, in township 117 north of range

75, and the southeast quarter of section 31, township 118, north of range 75, all in the county of Potter, for $1,100; that thereafter, and on the 5th day of February, 1902, and before said authority to purchase or sell had been rescinded, the said Jackson sold the said land to the plaintiff for the sum of $1,100 net; that said defendant has neglected and refused to deliver to the plaintiff a deed to the said premises, and that the plaintiff is ready and willing to pay the sum of $1,100 for the said property, and tenders the amount of the said purchase price, and brings said sum into court, to be paid in accordance with the final decision of the court herein; and concludes with the usual demand for judgment. The defendant, in his answer, admitted that he was the owner of the southwest quarter of section 7 described in the complaint, but denies each and every other allegation therein contained. On the trial the plaintiff offered in evidence certain letters written by R. Jackson to the defendant, Howe, and replies thereto, relating to a sale of the land in controversy, and rested. No evidence was offered on the part of the plaintiff as to any contract, either oral or written, between himself and R. Jackson or the defendant for the conveyance of the land in controversy, or any part thereof, to himself. In the correspondence between R. Jackson and the defendant in relation to the sale of this land no reference was made to the plaintiff, Moody, except in Jackson's last letter to the defendant, in which he said, "You may make the deeds in blank, or make them out to L. W. Moody, as you wish." In order to entitle plaintiff to maintain this action, it was necessary for him to prove that he had a valid contract in writing with Jackson, made in the name of the defendant, to convey the premises in controversy to him, as alleged in the complaint. Section

1238 of the Civil Code provides: "The following contracts are invalid unless the same or some note or memorandum thereof be in writing and subscribed by the party to be charged or by his agent. * * * (5) An agreement * * * for the sale of real property or of an interest therein." Cosand v. Bunker, 2 S. D. 294, 50 N. W. 84; Hall v. Wallace, 88 Cal. 434, 26 Pac. 360; Castner v. Richardson, 18 Colo. 496, 33 Pac. 163; Chappell v. McKnight, 108 Ill. 570; Dickinson v. Wright, 56 Mich. 42, 22 N. W. 312; Henderson v. Beard (Ark.) 11 S. W. 766; Kozel v. Dearlove, 32 N. E. 542, 144 Ill. 23, 36 Am. St. Rep. 416. The conclusion of the court, therefore, that the plaintiff was entitled to a decree requiring the defendant to specifically perform the alleged contract to convey to him in fee· simple the southwest quarter of section 7 (being one of the quarters described in the complaint) is not sustained by the evidence, and the findings of the court, so far as they purport to find in favor of the plaintiff, are entirely unsupported by the evidence.

Counsel for the appellant has discussed at some length the question as to whether or not Jackson was authorized to enter into a contract with the plaintiff for the sale of the quarter sections of land described in the complaint, or either of them; but, in the view we take of the case, it will not be necessary to consider or discuss that question at this time, as, in the absence of any evidence tending to prove that Jackson entered into any valid contract with the plaintiff either in his own name or in the name of the defendant, Howe, to sell the property to him, the plaintiff cannot recover in this action.

The judgment of the court below and order denying a new trial are reversed.