BRUNE H. BRUNS, Appellant, *vs.* ANNA MARY HUSEMAN, Appellee.

*Opinion filed December 16, 1914.*

1. STATUTE OF FRAUDS—*authority of an agent to sell land must be in writing.* A written contract for the sale of land between the proposed purchaser and the agent of the owner cannot be specifically enforced as against a plea of the Statute of Frauds, where the authority of the agent to make the contract was not in writing.

2. SAME—*signing undelivered deed is not compliance with the statute.* The fact that a deed was signed by the owner of land but was not acknowledged 'or recorded does not constitute a compliance with the provision of the Statute of Frauds requiring the authority of an agent to make a contract for the sale of land to be in writing, where the deed makes no reference to any prior contract for the sale of the land.

3. SAME—*to constitute part performance possession must be taken under the contract.* To take a contract for the sale of land out of the Statute of Frauds upon the ground of part performance by taking possession and making improvements the possession must be taken under the contract, and a mere continuance of possession acquired as a tenant is not sufficient.

4. SAME—*what cannot be relied upon as a ratification.* The mere signing of a deed which was not acknowledged or recorded is not such an act by the owner of the land as ratifies the act of her agent in making a written contract for the sale of the land without written authority, where the deed does not refer to the contract and there is no evidence connecting it with the contract or showing that the owner fully understood what she was doing.

APPEAL from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding.

H. C. Ward, for appellant.

A. A. Wolfersperger, for appellee.

Mr. Justice Vickers delivered the opinion of the court:

This is an appeal from the circuit court of Whiteside county dismissing for want of equity a bill filed by Brune H. Bruns against Anna Mary Huseman for the specific perfomance of a contract for the sale of real estate.

The bill alleges that on the 16th day of July, 1912, appellee, being seized of a farm of about 157 acres, authorized her grandson, Vernon C. Freeman, to sell the same for her. Appellee was an old lady about eighty years of age at the time the transaction in question was had. She was the owner of the farm in question but did not reside upon the same. Appellant, who is a son-in-law of appellee, was in possession of the farm as tenant at the time the alleged contract was entered into. It is not disputed that appellee told her grandson, Vernon C. Freeman, to sell her farm for her, but no written authority creating the grandson an agent was given him by appellee. Some time after appellee had told Freeman to sell the farm he entered into a written contract with appellant, which purported to be a contract of sale of the farm for $8500. At the time the contract was executed $500 was paid. The name of appellee was signed to the contract by Freeman, as her agent. After the written contract had been executed by appellant and Freeman, Freeman reported the transaction to appellee, and a warranty deed was prepared which purported to convey the premises to appellant. The deed was signed by appellee but was not acknowledged, delivered or recorded. It was left in the hands of Freeman. There is some conflict in the evidence as to whether appellee knew, at the time she signed the deed, the true nature of the transaction. Some of the witnesses who were present testified that Freeman referred to the instrument which the old lady

executed, as a contract for the sale of the farm, which they say was not read over or explained to her.

The specific performance of the alleged contract is resisted by appellee on the ground that there was a fraudulent combination between Freeman and appellant to obtain the title to the farm for a grossly inadequate consideration. Much testimony was introduced bearing upon the question of the value of the farm. The witnesses differ very widely in their estimates of the value. The testimony ranges all the way from $50 per acre up to $125 per acre. In the view that we take of this controversy it is not necessary to discuss this question. The Statute of Frauds is relied upon and in our opinion is a complete defense to the bill for specific performance. There is no pretense in this case that appellee personally made any contract with appellant to sell him her farm. The contract, such as it is, was executed by Freeman as her agent and was so signed by him. An agent's authority to bind the owner by a contract of sale of real estate must be in writing. Section 2 of the Statute of Frauds requires that such contract shall be in writing and signed by the person to be charged thereby, or by some other person "thereunto by him lawfully authorized in writing." The authority of Freeman to enter into this contract was merely verbal, and that, under the statute and decisions of this court, is insufficient. *Hughes* v. *Carne,* 135 Ill. 519; *Fletcher* v. *Underwood,* 240 id. 554; *Reynolds* v. *Wetzler,* 254 id. 607; *Kelly* v. *Fischer,* 263 id. 184.

Appellant contends that the signing of the undelivered deed will satisfy the statute. While an undelivered deed may be resorted to to supply the description or other matters of detail in respect to a contract if the contract is so referred to in the deed that the two instruments can be said to constitute one transaction, still the law is well settled that an undelivered deed which does not in any way

refer to a prior written contract is not a compliance, with the statute. *Kopp* v. *Reiter,* 146 Ill. 437.

Again, it is said by appellant that there was such part performance as to take the case out of the operation of the Statute of Frauds, and that the contract should for that reason be enforced as a parol contract. At the time the alleged contract was made appellant was in possession of the premises as appellee's tenant. His possession was simply continued after the contract was entered into. Where possession and the making of improvements are relied upon as such part performance as to avoid the Statute of Frauds it must appear that possession was taken in pursuance of the contract. A mere continuation of possession previously acquired is not sufficient. The possession should be referable to the contract and in accordance with its terms. *Shovers* v. *Warrick,* 152 Ill. 355.

Appellant insists that there was a ratification of the contract entered into with appellee's agent and that this should relieve the case from the Statute of Frauds. The evidence of ratification is not at all satisfactory. As already shown, appellee was nearly eighty years of age at the time of this transaction, and some of the evidence tends to show that she was weak both in body and mind. It is not shown that she understood fully the nature of the transaction at the time the deed was presented to her for her signature. Other persons who were present testify that a paper was signed which they understood was a contract, which was not read before it was signed by appellee. It turned out afterwards that appellee had signed a deed which recited that she had conveyed the farm to appellant in consideration of $13,000. Before the doctrine of ratification could be applied it ought to clearly appear that appellee, with a full understanding of what she was doing, had unequivocally ratified the acts of her grandson in entering into this contract. The general rule is that the act of ratification must be of the same nature as that which would

be required for conferring the authority in the first instance. Where the law requires the authority to be in writing the ratification must also be written. (Mechem on Agency, sec. 136; *Despatch Line* v. *Bellamy Manf. Co.* 12 N. H. 205.) The signing of the undelivered deed, without evidence connecting it with the contract and showing that appellee fully understood what she was doing, cannot be held to be a ratification of the contract.

The decree of the circuit court of Whiteside county is affirmed.

*Decree affirmed.*