Joseph E. Fieschko and Antoinette J. Fieschko, Plaintiffs-Appellants, v. Jack S. Herlich and Harry Dykstra, Defendants-Appellees.

Gen. No. 11,501.

Second District, Second Division.

October 6, 1961.

Peregrine & Stime, and Marshall A. Burmeister, of Wheaton, for appellant.

Tage Joranson, of Chicago, for appellee.

WRIGHT, J.

Plaintiffs appeal from an order of the Circuit Court of Du Page County striking plaintiffs' amended complaint and dismissing their suit. The plaintiffs, by their amended complaint, seek to recover damages from defendants for breach of a contract for the sale of real estate. The amended complaint consists of four counts. Counts I and II are directed against the defendant, Harry Dykstra, and Counts III and IV are directed against the defendant, Jack S. Herlich.

Count I alleges that on June 16, 1958, defendant, Harry Dykstra, submitted a written offer signed by him as agent for the defendant, Jack S. Herlich, for the purchase of plaintiffs' real estate located at 215

Abbotsford, Glen Ellyn, Illinois; that the plaintiffs duly accepted this offer by subscribing their names thereto; that defendant, Harry Dykstra, at the time of the execution of said purchase agreement, did not have written authority to act as agent for the said Jack S. Herlich; that at no time did the defendant, Jack S. Herlich, as principal ratify the action of the defendant, Harry Dykstra; that said purchase agreement recites receipt by the plaintiffs of the sum of $2,875 as earnest money, but plaintiffs allege the fact to be that no earnest money was received by the plaintiffs or either of them; that the purchase agreement contains a loan commitment rider, a copy of which is attached to the amended complaint, which states in part, "in the event the Buyer does not serve notice of failure to secure commitment for a loan upon Seller or his agent as herein provided then this contract shall continue in full force and effect without any loan commitment contingency"; that no notice of Buyer's failure to secure said loan commitment was served upon the plaintiffs or either of them; that the purchase agreement contains a paragraph giving the Seller the option of forfeiting any earnest money as liquidated damages should the Buyer fail to perform said contract promptly on his part at the time and in the manner therein specified; that no earnest money was received by the plaintiffs and no option to forfeit the same as liquidated damages was exercised by plaintiffs; that plaintiffs have tendered performance or performed all conditions by them to be performed under the terms of the purchase agreement; that defendant, Harry Dykstra, has refused to perform the conditions of the said purchase agreement and has breached said contract; that as a result of the breach of said purchase agreement by the defendant, Harry Dykstra, the plaintiffs have sustained damages in the sum of $5,568.80.

Count II is identical to Count I except that the ad damnum is limited to $2,875, which is the amount of earnest money which it is alleged should have been received from the defendant, Harry Dykstra.

Count III is pleaded in the alternative and alleges that defendant, Jack S. Herlich, by and through his agent, the defendant, Harry Dykstra, submitted a written offer signed by the said Harry Dykstra, as agent for the said Jack S. Herlich, for the purchase of plaintiffs' property to the plaintiffs, and the plaintiffs duly accepted this offer by subscribing their signatures to the purchase agreement; that the plaintiffs were the owners of the property described in the said purchase agreement; that the agreement recites the receipt by the plaintiffs of $2,875 as earnest money but that in fact no earnest money was received; that on June 23, 1958, defendant, Jack S. Herlich, caused to be delivered to plaintiffs' agent his personal check, which is attached hereto and made a part hereof, in the amount of $2,875 as and for the earnest money described in the purchase agreement; that subsequently defendant, Jack S. Herlich, caused payment on said check to be stopped; that the action of the defendant, Jack S. Herlich, in issuing said earnest money check constituted an adoption and ratification of the purchase agreement entered into by his agent, Harry Dykstra; that the purchase agreement contains a loan commitment rider which states in part that, "in the event the Buyer does not serve notice of failure to secure commitment for loan upon Seller or his agent as herein provided then this contract shall continue in full force and effect without any loan commitment contingency"; that no notice of Buyer's failure to secure said loan commitment was served upon the plaintiffs or either of them; that said purchase agreement contains a paragraph giving the Seller the option of forfeiting any earnest money as liquidated damages should the

283

Buyer fail to perform said contract at the time and in the manner therein specified; that no earnest money was received by the plaintiffs and no option to forfeit the same as liquidated damages was exercised by the plaintiffs; that the plaintiffs have tendered performance or have performed all of the conditions by them to be performed under the purchase agreement; that the defendant, Jack S. Herlich, has refused to carry out the terms or perform the conditions of the purchase agreement and has breached said contract, and as a result thereof, plaintiffs have sustained damages in the sum of $5,568.80.

Count IV is identical to Count III except that the ad damnum is limited to $2,875, being the amount of earnest money which it is alleged should have been received by the plaintiffs, from the defendant, Jack S. Herlich.

It is the theory of the plaintiffs that Counts I and II state a cause of action against the defendant, Harry Dykstra, for the reason that it is alleged in Counts I and II that defendant, Harry Dykstra, acted as agent for Jack S. Herlich in the real estate transaction without written authority and that the allegation, if proven, makes Dykstra personally liable on the purchase agreement, and that the trial court erred in dismissing Counts I and II of the amended complaint.

Plaintiffs concede that the defendant, Jack S. Herlich, did not sign the purchase agreement in question as required under the Statute of Frauds, however, they contend that the allegations of ratification in Counts III and IV, if proven, obviates the requirements of the Statute of Frauds and are sufficient to state a cause of action against defendant Herlich on the theory of ratification and that the trial court erred in dismissing Counts III and IV.

■ Concerning Counts I and II, plaintiffs argue that Harry Dykstra was never authorized to act as

agent and seeks to come within the well established rule that if an agent makes a contract which he has no authority to make he binds himself personally and is personally liable. Vulcan Corp. v. Cobden Machine Works, 336 Ill App 394, 84 NE2d 173; Slape v. Fortner, 3 Ill App2d 339, 122 NE2d 57. Counts I and II allege that "the defendant, Harry Dykstra, at the time of the execution of the said purchase agreement, did not have written authority to act as the agent of said Jack S. Herlich." The defendant, Harry Dykstra, contends that Counts I and II only state that he did not have *written authority* to act as agent and there is no allegation that he acted without authority. It is the theory of this defendant that the distinction of no written authority and no authority is basic and vital and that in order to state a cause of action it must be alleged that he had no authority to act as agent and not merely that he had no written authority. It is not necessary for a determination of this cause that we pass upon this point for we are of the opinion that Counts I and II do not state a cause of action for another reason.

Counts I and II purport to be a cause of action based upon the written purchase agreement and the breach of it by the alleged agent, Harry Dykstra. The defendant, Harry Dykstra, executed the purchase agreement in the name of his alleged principal, Jack S. Herlich.

■ Where an agent makes a contract and discloses at the time his principal or the principal was known at the time by the other party, he is not liable on the contract unless it contains apt words to bind him personally. The only remedy against him is an action for damages for the breach of the implied warranty of the agent's authority or an action for deceit. Hancock v. Yunker, 83 Ill 208; Wheeler v. Reed, 36 Ill 81; Duncan v. Niles, 32 Ill 532; 2 Am Jur, Agency, sec 321.

■ Counts I and II on their face show that defendant, Harry Dykstra, executed the purchase agreement in question in the name of his alleged principal, Jack S. Herlich. This fact was known to the plaintiffs. There is no language or apt words used in the purchase agreement set out in the pleadings expressly creating any liability on the part of Dykstra to personally carry out any of the terms of the contract and liability cannot be inferred from the nature of the contract. We, therefore, conclude that the trial court properly dismissed Counts I and II.

■ We will next consider the question as to whether or not the allegations contained in Counts III and IV of the amended complaint are sufficient to state a cause of action against defendant, Jack S. Herlich. It is the law in Illinois that an agent can only sign a contract for the sale of real estate containing such terms as his principal authorized him to execute, and such authority must be in writing signed by the principal in order to comply with the Statute of Frauds. Leach v. Hazel, 398 Ill 33, 74 NE2d 797. Plaintiffs allege in Counts III and IV of the amended complaint that defendant, Jack S. Herlich, by and through his agent, Harry Dykstra, submitted a written offer signed by said Harry Dykstra, as agent for the said Jack S. Herlich, for the purchase of the real estate in question, and plaintiffs concede that the defendant, Jack S. Herlich, did not sign the purchase agreement and, therefore, the Statute of Frauds applies as to Counts III and IV. They urge, however, that the action of the defendant, Jack S. Herlich, in issuing and causing delivery of a check in the sum of $2,875 to plaintiffs' agent, as and for the earnest money required by the purchase agreement constituted an adoption and ratification of the purchase agreement entered into by Herlich's agent, Harry Dykstra.

■ An agent's unauthorized act in entering into a purchase agreement for the sale of real estate may be ratified by the principal so as to avoid the Statute of Frauds. Such ratification must be in writing. 20 ILP, Frauds, Statute of, sec 76.

■ A check given in connection with the sale of lands, which is in the ordinary form and contains no reference to the essential terms of the contract of sale, does not constitute a sufficient memorandum within the Statute of Frauds, 49 Am Jur, Statute of Frauds, sec 332.

In the case now before us the check in the sum of $2,875 was made payable to Davis Realty, agent of plaintiffs, and signed by Jack S. Herlich. This check contains no reference to the purchase agreement, contains no reference to what the payment is for and contains no notation of any kind.

■ We conclude that the alleged issuance and delivery of the check in question by Herlich to the agent of plaintiffs, on which Herlich stopped payment, if proven, is not sufficient to constitute ratification so as to obviate the requirements of the Statute of Frauds. Nehrkorn v. Tissier, 352 Ill 181, 185 NE 227; Bruns v. Huseman, 266 Ill 212, 107 NE 462.

We are of the opinion that Counts III and IV do not state a cause of action and were properly dismissed by the trial court.

The order of the trial court dismissing the amended complaint is affirmed.

Affirmed.

SPIVEY, P. J. and CROW, J., concur.