In the Matter of the Estate of Henry Boysen, Jr., Deceased. Beth Scofield and Ann M. Conley, Claimants-Appellants.

Gen. No. 65–127.

Second District.

July 18, 1966.

Haft, Shapiro & Haft, of Chicago, for appellants.

Don E. Maxon, of Libertyville, and Diver, Diver, Ridge and Brydges, of Waukegan, for appellee.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

The decedent, Henry Boysen, Jr., held a mechanic's lien on certain premises owned by one Beth Scofield in Lake County. Boysen joined with other lienors in foreclosing the property and, subsequently, at a sale held pursuant to a decree of foreclosure, Boysen bought the property.

Subsequently, Beth Scofield had conversations with one Ruth White, Boysen's daughter, regarding Scofield's offer to repurchase the property for Eighty Thousand ($80,000) Dollars, with Eight Thousand ($8,000) Dollars

or ten percent earnest money deposit. A memorandum of agreement was actually entered into between Beth Scofield, Ruth White and another party who was joining Beth Scofield in the purchase. The Eight Thousand ($8,000) Dollars was paid to Ruth White and then a few days later Ruth White returned the money.

Upon Boysen's death Beth Scofield filed a claim in his estate asking that his executrix, Eda M. Boysen, be required to carry out the agreement or in the alternative that the estate be held for damages.

The executrix filed a motion for Summary Judgment supported by the affidavit of Ruth White stating in substance that she was not the agent of Henry Boysen, the decedent, and that she had never been authorized in writing to act on his behalf. The trial court granted judgment on the motion and this appeal followed.

The question before us is whether or not there are any issues of fact requiring a trial on the merits. The trial court determined that there were no issues of fact and treated the case as purely a law matter.

The claimant raises two issues in this court, first, that the agency of Ruth White raises a question of fact not determinable by Summary Judgment and second, that the executrix is estopped from raising the statute of frauds as a defense.

Chap 59, sec 2, Ill Rev Stats, 1965 prohibits an action brought to charge any person upon a contract for the sale of lands unless founded on some memorandum executed by the party to be charged or by some person authorized by him in writing. Ruth White was never authorized in writing to act as the agent of Henry Boysen, Jr. It is elementary that agency cannot be proved by the statement of the agent made outside of the presence of the principal and not subsequently approved by him. Winger v. Richards-Wilcox Mfg. Co., 33 Ill App2d 115, 178 NE2d 659 (1961). In this case the claimant filed

an affidavit alleging agency based on the statement of Ruth White. It is not claimed that such statement of agency was made in the presence of Henry Boysen, Jr., and there is no allegation that Boysen ratified such agency.

Where the agent is not authorized in writing and where a principal does not subsequently ratify the act of the agent, there can be no binding obligation concerning a contract for the sale of land. Kozel v. Dearlove, et al., 144 Ill 23, 32 NE 542 (1892).

The mere fact that the claimant filed an affidavit does not raise an issue of fact because the affidavit must show on its face that the party, if called as a witness, could properly testify to the matters set forth in the affidavit. Obviously, even if the matter were tried on the merits the claimant could not give the testimony set forth in her affidavit. It is replete with conclusions and immaterial matters contrary to Supreme Court Rule 15. Chap 110, sec 101.15, Ill Rev Stats, 1965. The Estate's answer, as well as the affidavit of Ruth White, both state as a fact that Ruth White, at no time, had written authority from Henry Boysen, Jr., to enter into any agreement in connection with the real estate which is the subject matter of this suit. Nowhere does the claimant's affidavit state that Ruth White was authorized in writing by Henry Boysen, Jr. to enter into the alleged agreement. "That the agreement signed by Ruth White was made as the duly authorized agent of Henry Boysen, Jr. . . ." is a conclusion and insufficient to create an issue of fact.

The claimant finally urges that an equitable estoppel has occurred and that the Estate and its representatives may not raise the defense of the statute of frauds.

In the case of Ozier v. Haines, 411 Ill 160, 103 NE2d 485 (1952), our Supreme Court recited six conditions which must occur to give rise to an equitable

estoppel. The six conditions are found at page 163 and page 164:

"1. Words or conduct by the party against whom the estoppel is alleged amounting to a misrepresentation or concealment of material facts;

"2. The party against whom the estoppel is alleged must have knowledge, either actual or implied, at the time the representations were made, that they were untrue;

"3. The truth respecting the representations so made must be unknown to the party claiming the benefit of the estoppel at the time they were made and at the time they were acted on by him;

"4. The party estopped must intend or expect that his conduct or representations will be acted on by the party asserting the estoppel or by the public generally;

"5. The representations or conduct must have been relied and acted on by the party claiming the benefit of the estoppel; and

"6. The party claiming the benefit of the estoppel must have so acted, because of such representations or conduct, that he would be prejudiced if the first party is permitted to deny the truth thereof."

The claimants do not allege and they could not prove that Henry Boysen, Jr. misrepresented anything. In fact, the record does not show any conversation between Boysen and the claimants. Likewise, the record does not show that Boysen knew that any representations were being made on his behalf. The claimants cannot allege that they relied upon any representations because they are presumed to know the statutory requirement

201

that an agent must be authorized in writing in matters of this nature.

The Supreme Court has laid down clearly established guidelines for us to follow in determining the existence of the doctrine of equitable estoppel, none of the guidelines appear in the case before us.

We conclude that there were no justiciable issues of fact presented to the trial court. The trial court was correct in dismissing the claim and granting judgment for the Estate.

Judgment affirmed.

DAVIS and ABRAHAMSON, JJ., concur.