THE COSMOPOLITAN NATIONAL BANK OF CHICAGO, Trustee, *et al.*,
Plaintiffs and Counterdefendants-Appellees, *v.* MICHAEL H. KOBIALKA *et al.*,
Defendants and Counterplaintiffs-Appellants.

First District (4th Division)    No. 79-1716

Opinion filed May 29, 1980.

Leon C. Wexler, of Chicago, for appellants.

Henry W. Kenoe, of Chicago, for appellees.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The counterdefendants, Cosmopolitan National Bank of Chicago, as trustee under Trust No. 16477 (Cosmopolitan), and Morry Kogan and Fred Kogan, the beneficiaries of that trust, brought suit in the circuit court of Cook County to remove a cloud from the title to the apartment building which formed the *res* of the trust. The cloud consisted of an affidavit which had been filed in the recorder's office by the counterplaintiffs, Michael H. Kobialka and Joseph V. Farago. Kobialka and Farago answered the complaint and filed a counterclaim for specific performance of a contract of sale for the building.

Cosmopolitan and the beneficiaries filed a motion under section 45 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45) to strike the answer to the complaint and for judgment on the complaint. They also filed a motion under section 48 (Ill. Rev. Stat. 1977, ch. 110, par. 48) to dismiss the counterclaim. The motion to dismiss alleged that the counterclaim was barred by the Statute of Frauds (Ill. Rev. Stat. 1977, ch. 59, par. 1 *et seq.*) because the Kogans did not sign the contract themselves and because they did not authorize anyone in writing to do so as their agent. The trial court granted the motions, removing the cloud from the title and dismissing the counterclaim for specific performance.

Kobialka and Farago appeal from the order dismissing their counterclaim.

On appeal, Kobialka and Farago argue the Statute of Frauds cannot be raised as a defense because (1) the nature of the Kogans' interest, as beneficiaries, is personalty and the statute applies only to real property; (2) the Kogans ratified the actions of the alleged agent who executed the contract; and (3) the Kogans are estopped from denying the authority of their alleged agent to execute the sales contract.

The real estate sales contract which the counterplaintiffs seek to have specifically enforced is dated August 19, 1977. It is signed by Kobialka as purchaser. There are two spaces for the Seller's signatures. The first space reads "Cosmopolitan Bank & Trust U/T/A #16477" and the second space, directly below the first, is signed "By Michael Brown agent." The Kogans' names do not appear anywhere on the document. The counterclaim alleges that Brown is the Kogans' attorney. Additional facts will be related in connection with the ratification and estoppel issues.

Kobialka and Farago initially argue the Statute of Frauds does not apply here because the nature of the Kogans' interest is personalty while the statute refers to a contract for the sale of land. No authority is cited for his proposition.

The applicable section of the statute provides:

"No action shall be brought to charge any person upon any contract for the sale of lands * * * unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully *authorized in writing*, signed by such party." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 59, par. 2.

The statute and the case law make clear that where a contract for the sale of land is signed by an agent, the agent's authority to do must be in writing. (*Lipkin v. Koren* (1946), 392 Ill. 400, 64 N.E.3d 890; *Leach v. Hazel* (1947), 398 Ill. 33, 74 N.E.2d 797.) The record does not contain a writing authorizing Brown to sign the contract and the Kogans could thus validly raise the Statute of Frauds as a defense to its enforceability. Furthermore, although here the subject of the contract is property held in a land trust, the contract contemplated the conveyance of a deed to that real estate. The fact that the Kogans' beneficial interest is considered personalty does not bar application of the Statute of Frauds.

Kobialka and Farago next argue the Statute of Frauds does not apply when an attorney executes the contract as agent for the beneficiaries and his conduct is subsequently ratified. In support of their contention that the agent's conduct was ratified, Kobialka and Farago rely on various letters and contracts which are contained in the record and upon the contract which they seek to have specifically enforced.

On October 6, 1977, Donald Hanson, attorney for Kobialka and Farago, sent a letter to Michael Brown. The letter indicates that the August 19, 1977, contract would be cancelled if the earnest money was returned and if the trustee executed a right of first refusal to Kobialka.

A letter from Brown to Hanson, dated October 11, 1977, states a check is enclosed for the earnest money and that the letter shall stand as cancellation of the August 19 contract. It also states that if Hanson prepares the documents concerning the right of first refusal Brown would "cause them to be executed by my clients."

The record also contains a written direction to Cosmopolitan, as trustee, dated November 15, 1977, instructing the bank to execute a "Grant of Right of First Refusal" to Kobialka. This document is signed by the Kogans. The documents relevant to the right of first refusal apparently were never executed.

Based on these letters and documents, Kobialka and Farago argue the conduct of the Kogans in directing the execution of documents promised by Brown, their agent, ratified Brown's execution of the real estate contract.

■■ ■ An agent's unauthorized execution of a contract of sale for real estate may be ratified by the principal so as to avoid the Statute of Frauds. (*Fieschko v. Herlich* (1961), 32 Ill. App. 2d 280, 177 N.E.2d 376.) However, "[t]he general rule is that the act of ratification must be of the same nature as that which would be required for conferring the authority in the first instance. Where the law requires the authority to be in writing the ratification must also be written." *Bruns v. Huseman* (1914), 266 Ill. 212, 215-16, 107 N.E.2d 462, 463.

The letter of direction, signed by the Kogans, which Kobialka and Farago argue constitutes ratification of Brown's execution of the August 19, 1977, real estate sales contract, contains no reference to that contract, or any reference to the terms of that contract. We cannot agree that the Kogans' execution of this document constituted ratification of Brown's execution of the earlier contract.

In making the ratification argument, Kobialka and Farago cite as authority the case of *Mid-town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428. That case also involved the enforceability of a contract for the sale of land held in a land trust. *Mid-town Petroleum* is factually distinguishable from the cause before us. The issue here is ratification of an agent's authority whereas in *Mid-town Petroleum* the court was considering whether there was a sufficient writing to satisfy the statute. Furthermore, the letter of direction in *Mid-town Petroleum* instructed the trustee to convey the property which was the subject of the real estate sales contract. Here, by contrast, the letter of direction relates to a right of first refusal to purchase the property.

Kobialka and Farago's final argument is that the Kogans should be estopped from invoking the Statute of Frauds. They have made part of the record on appeal another real estate contract, signed by Brown as agent, the subject of which was land held in trust. That contract involved different real estate and different purchasers. Kobialka and Farago contend that the Kogans were also beneficiaries of that trust and that the contract was performed in that instance because it was to the Kogans' advantage to do so. They thus conclude it would be a clear fraud upon them to allow the Kogans to hide behind the Statute of Frauds.

■■■ A complaint based on equitable estoppel must plead, in part, that the principal misrepresented material facts or that he knew his alleged agent was making misrepresentations on his behalf. (*In re Estate of Boysen* (1966), 73 Ill. App. 2d 197, 218 N.E.2d 838.) The counterclaim before us contains no allegation that the Kogans themselves misrepresented anything or that they knew Brown was making misrepresentations on their behalf. The contract itself made clear that title was held in trust by Cosmopolitan and that Brown was signing as an agent. Kobialka and Farago are presumed to have known the statutory requirement that an agent must be authorized in writing where he executes a contract for the sale of land. (*Boysen.*) We thus conclude the doctrine of equitable estoppel is not applicable here.

For the foregoing reasons the judgment of the circuit court is affirmed.

Affirmed.

LINN, P. J., and ROMITI, J., concur.