DENNIS WHILDIN et al., Plaintiffs-Appellants, v. JULIUS KOVACS et al., Defendants.—(GERSON M. LEBOVIC, Intervening Petitioner-Appellee.)

First District (3rd Division)    No. 79-1533

Opinion filed February 18, 1981.

Christ G. Marinakis and George G. Marinakis, both of Chicago, for appellants.

Abt, Meyers & Kages, of Chicago, for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County which directed the defendants to convey a certain parcel of real estate to Gerson M. Lebovic, the intervening petitioner.

This action commenced when the plaintiffs, Dennis Whildin and Vasilios Melanis, filed their complaint seeking specific performance of a real estate contract dated September 22, 1978, involving property located

at 7031-35 North Ridge Avenue in Chicago. The owner of the property was the defendant, American National Bank and Trust Company of Chicago, trustee under Trust No. 77880. The owners of the beneficial interest in said trust were the defendants, Julius Kovacs, Mary Lou Kovacs and Anna Barra.

Gerson M. Lebovic intervened in the action and filed his complaint for specific performance of a contract involving the same real property. His contract also was dated September 22, 1978. The plaintiffs filed an answer to this complaint in which they challenged the validity of Lebovic's contract. The plaintiffs alleged that Lebovic's broker signed Lebovic's name to the contract and that one of the owners of the beneficial interest, Anna Barra, did not sign the contract. The plaintiffs further alleged that their contract was accepted prior to Lebovic's acceptance of the defendants' counteroffer.

Lebovic moved for judgment on the pleadings in regard to his prayer for specific performance. He asserted that the defendants admitted in their pleadings the validity of his contract. In their answer to the plaintiffs' complaint, the defendants stated that the plaintiffs were advised that their sales contract was contingent upon the cancellation of the preexisting real estate contract with Lebovic. The sales contract, however, contained no such contingency. The trial court granted Lebovic's motion for judgment on the pleadings and ordered specific performance of his contract. The plaintiffs appealed.[1]

A motion under section 45(5) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45(5)) for judgment on the pleadings requires a determination of whether the pleadings disclose any material issue of fact and, if not, whether the moving party is entitled to judgment as a matter of law. (*Bethany Reformed Church v. Hager* (1980), 84 Ill. App. 3d 684, 406 N.E.2d 93.) The motion does not test whether there is any evidence to support the pleadings, but whether the pleadings present a material issue of fact. If such an issue is presented, it is inappropriate to enter judgment on the pleadings. *Heritage Standard Bank & Trust Co. v. Trustees of Schools* (1980), 84 Ill. App. 3d 653, 405 N.E.2d 1196.

The plaintiffs contend that an issue of fact existed concerning the question of whether Lebovic's contract was unenforceable for violation of the Statute of Frauds. The Statute of Frauds provides that where a contract for the sale of land is signed by an agent, the agent's authority to do so must be in writing. (Ill. Rev. Stat. 1977, ch. 59, par. 2; *Cosmopolitan National Bank v. Kobialka* (1980), 85 Ill. App. 3d 1, 406 N.E.2d 150.) In

---

[1] The plaintiffs sought additional relief from the defendants and all parties filed counterclaims and third-party actions, none of which are pertinent to this appeal. The trial court's dismissal of the defendants' counterclaim against the plaintiffs for slander of title was affirmed by this court in *Whildin v. Kovacs* (1980), 82 Ill. App. 3d 1015, 403 N.E.2d 694.

their pleadings the plaintiffs alleged that Lebovic's broker signed Lebovic's name to the contract. They further asserted that no writing existed to authorize the Kovacs to execute the contract on behalf of Barra. Thus, the plaintiffs concluded that Lebovic's contract was null and void.

■■ A contract subject to the Statute of Frauds is not void, but voidable. The Statute of Frauds is an affirmative defense that can be either pleaded or waived by a party to the contract. (*Haas v. Cravatta* (1979), 71 Ill. App. 3d 325, 389 N.E.2d 226.) In the instant case both Lebovic and the defendants have admitted the validity of their contract in their pleadings and thus have waived the Statute of Frauds. Insofar as this issue was concerned, the pleadings did not raise a material issue of fact.

■■ The plaintiffs also contend that an issue of fact existed concerning the question of which contract had priority and was entitled to specific performance. We agree. Lebovic and the defendants alleged that the plaintiffs' contract was subject to the cancellation of Lebovic's pre-existing contract. However, the plaintiffs' written contract, which was dated the same day as Lebovic's contract, contained no such contingency. More importantly, in their pleadings the plaintiffs denied the existence of the contingency and asserted that their contract was accepted prior to the acceptance of Lebovic's contract. Thus, the pleadings raised a material issue of fact necessitating the introduction of evidence to determine which party was entitled to specific performance. Accordingly, the judgment of the Circuit Court of Cook County is hereby reversed, and this matter is remanded for further proceedings.

Reversed and remanded.

McNAMARA and WHITE, JJ., concur.